UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 22-100 (RBW) |
| | ) | |
| JACOB L. ZERKLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PRE-TRIAL SCHEDULING ORDER

In accordance with the oral rulings issued by the Court at the status hearing held on September 26, 2022, along with the General Order Governing Criminal Cases Before the Honorable Reggie B. Walton (June 14, 2022), ECF No. 16 (the "General Order"), it is hereby

**ORDERED** that the parties shall file their (1) motions in limine, if any, on or before February 3, 2023; (2) their oppositions to any such motions on or before February 24, 2023; and (3) their replies in support of any such motions on or before March 10, 2023. It is further

**ORDERED** that the government shall provide the defendants with notice of any evidence of other crimes it intends to use during the trial of this case pursuant to Federal Rule of Evidence 404(b) or evidence of prior convictions it intends to use for impeachment purposes, if the defendants decide to testify, on or before February 3, 2023, and any opposition to such notices shall be provided to the government on or before February 24, 2023. It is further

**ORDERED** that, although the government represented at the status hearing that it has no Brady/Giglio evidence to produce to the defendants, the government is reminded that it has an ongoing obligation to produce forthwith to the defendants any Brady/Giglio evidence the government becomes aware of. The government shall also produce to the defendants any Jencks Act material sufficiently in advance of witness's cross-examination so as not to cause delay. It is

further

**ORDERED** that the government shall produce to the defendants information regarding its expert(s) and any potential impeachment evidence related to the law enforcement officers involved in this case as soon as practicable after it becomes available.  It is further

**ORDERED** that the parties shall meet and confer as soon as possible and thereafter submit their joint proposed voir dire questions, jury instructions, and verdict forms on or before March 31, 2023.  If agreement cannot be reached on any matters relevant to the voir dire questions, jury instructions, or verdict forms, the parties shall provide separate submissions as to only those matters on which the parties cannot agree.  It is further

**ORDERED** that the Court will empanel two alternate jurors.  For the jury selection process, the defendants will have ten peremptory challenges against the potential regular jurors and two peremptory challenges against the potential alternate jurors for a total of twelve peremptory challenges. The government will have six peremptory challenges against the potential regular jurors and two peremptory challenges against the potential alternate jurors for a total of eight peremptory challenges.  It is further

**ORDERED** that the Court will permit jurors to ask questions as delineated in the Court's General Order.  See General Order Governing Criminal Cases Before the Honorable Reggie B. Walton at 7–8 (June 14, 2022), ECF No. 16.[1]  It is further

**ORDERED** that, on May 5, 2023, at 2:00 p.m., the parties shall appear before the Court for a pre-trial conference.  It is further

**ORDERED** that jury selection and trial of this case shall commence on June 12, 2023, at

---

[1] Any objections to permitting jurors to submit questions for witnesses should be raised at the pretrial conference on May 5, 2023.

2

9:00 a.m.

**SO ORDERED** this 30th day of September, 2022.

_____
REGGIE B. WALTON
United States District Judge