**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                              |   |                       |
|------------------------------|---|-----------------------|
| UNITED STATES OF AMERICA     | : |                       |
|                              | : | No. 22-cr-100-RBW     |
|                              | : |                       |
| v.                           | : |                       |
|                              | : |                       |
| JACOB L. ZERKLE,             | : |                       |
|                              | : |                       |
| *Defendant*.                 | : |                       |

**DEFENDANT'S MOTION TO DISMISS**
**COUNTS ONE THROUGH THREE OF THE INDICTMENT**

Defendant Jacob L. Zerkle, through his undersigned counsel and pursuant to Federal Rule of Criminal Procedure 12, moves for an Order dismissing Counts I through III of the Indictment. Therein, Mr. Zerkle is alleged to have *forcibly* assaulted, resisted, opposed, impeded, intimidated, and interfered with three separate Metropolitan Police Department officers outside the United States Capitol on January 6, 2021 "where the acts in violation" "involve[d] physical contact" "*and* the intent to commit *another* felony." The Government has notified Mr. Zerkle that it contends that the other felony to be the felony charge of Civil Disorder (Count IV of the Indictment), which is based on the same conduct underlying the alleged resistance charged in Counts I through III. This is not permissible. The other, future felony contemplated by the statute governing Counts I through III requires a separate *actus reus* and different conduct. As this is missing from the 29 seconds of conduct from which Mr. Zerkle's charges arise in this case, Counts I through III should be dismissed, or, in the alternative, the Government should be precluded from seeking to establish liability under the "another felony" prong of the statute as alleged in their Indictment.

## FACTUAL BACKGROUND

Jacob Zerkle, a farmer from Arizona, traveled to Washington, D.C. and was present in the city on January 6, 2021. Mr. Zerkle spent the entire day walking up and down the National Mall. He went to Arlington National Ceremony and the Lincoln Memorial, passed the Washington Monument, and traveled to the area surrounding the United States Capitol twice. He took photographs, talked to other individuals visiting the city, and participated in a protest that was occurring that day.

That afternoon, the protest outside the United States Capitol became violent, and ultimately resulted in individuals breaking windows and doors to enter the Capitol building. To be clear, Mr. Zerkle *never* went into the United States Capitol, *never* wanted to go into the United States Capitol, and *never* attempted to go into the United States Capitol, and the Government does not allege otherwise. Mr. Zerkle was not arrested nor detained by anyone on January 6, 2021 for his actions. He did not have a weapon of any kind. He did not steal or deface any property. Mr. Zerkle has no history of violent or assaultive conduct and his criminal history consists of a traffic offense and littering charge (from 20 years ago).

Yet, after attending multiple consent meetings with agents and law enforcement officers in Arizona, participating in a debrief with prosecutors remotely in Washington, D.C., providing written consent to allow law enforcement to access certain social media accounts, voluntarily disclosing photographs, and offering to provide the clothing that he wore on January 6, Mr. Zerkle still finds himself charged with multiple felony offenses for allegedly assaulting officers.

Specifically, the Government claims that, during an approximate 29-second period of time, Mr. Zerkle resisted being pushed out of the way and hit with a baton by fully armed riot police from the Civil Disturbance Unit ("CDU") of the Metropolitan Police Department ("MPD"), who

were admittedly pushing people back and yelling, "Move." As will be established at trial, not a single officer was harmed in any way or suffered any injury as a result of any action undertaken by Mr. Zerkle. Not a single officer alleged to have been injured by Mr. Zerkle.  Not a single officer filed a report that they were assaulted by Mr. Zerkle. Not a single officer filed a use of force report for that day regarding conduct relating to Mr. Zerkle. Not a single officer attempted to make further contact with Mr. Zerkle after he was pushed away. And, not a single officer sought to arrest Mr. Zerkle on scene or to open an investigation into his conduct. Following the 29-second period of time at issue in this case, Mr. Zerkle left the area surrounding the United States Capitol and went home, while hundreds of others present that day went the opposite direction and entered the Capitol building.

Mr. Zerkle is before this Court because the Federal Bureau of Investigation ("FBI") seized all of MPD's body worn camera footage from January 6, 2021, ran that footage through face recognition software, and, after identifying Mr. Zerkle, the U.S. Attorney's Office believed felony assault charges should be brought for making contact with officers.[1] During the course of the Department of Justice's investigation of Mr. Zerkle, which took over a year, Mr. Zerkle was identified as a different person twice and one MPD officer, when speaking to the FBI, had no

---

[1] The conduct alleged in this case, if proven beyond a reasonable doubt at trial, would not rise above misdemeanor simple assault under the D.C. Code. Felony assault of an officer under D.C. Code § 22-405(c) requires "significant bodily injury" or "a violent act that creates a grave risk of causing significant bodily injury." No such conduct occurred in this case and the Government does not assert otherwise. Even if Mr. Zerkle had committed a simple assault of an MPD officer, and the U.S. Attorney's Office actually papered a charge based on a resistance theory (which the D.C. Council is actually trying to remove from as a basis of criminal liability in D.C.), the U.S. Attorney's Office would have permitted him to be eligible for a Deferred Prosecution Agreement or a Deferred Sentencing Agreement. And, even if such diversion, which is routinely offered, was not offered, Mr. Zerkle would have almost certainly received a probationary sentence if convicted under the current sentencing practices and statistics in that Court. Here, the Government has charged Mr. Zerkle with three separate felonies for purportedly resisting three separate officers, each with a maximum period of incarceration of eight years.

recollection of encountering Mr. Zerkle. Enclosed are screenshots and photographs of Mr. Zerkle

and his subsequent contact with law enforcement on January 6, 2021. Consistent with a photograph

of him at the Lincoln Memorial, which he voluntarily provided to law enforcement, Mr. Zerkle

wore a long leather jacket and khaki pants and was never observed to be in possession of any

object, weapon, or item that would put any individual, especially a police officer, in the reasonable

apprehension of fear. He did carry a backpack that day to hold his bottled water.



In contrast to his leather jacket and khaki pants, the law enforcement officers Mr. Zerkle

encountered were wearing riot gear, with protective helmets, shields, and body armor, and each

was equipped with an extended baton. Photographs of some of the officers in the riot battalion that

Mr. Zerkle encountered are shown below:



Certain screenshots of body worn camera footage show Mr. Zerkle putting his hand up and ducking down and away as an officer raises his fist toward him:



In the photograph below, Mr. Zerkle is putting his hand up near his face as an officer raises his fist toward him:



Approximately nine seconds later, Mr. Zerkle is crouching down and covering his head as an officer is grabbing him:









In the photograph below, Mr. Zerkle is moving away from the officer, as shown by Mr. Zerkle's backpack facing the officer's camera, while the officer grabs after Mr. Zerkle:



Seconds later, Mr. Zerkle is heading away from the officer with his back to the officer, while being pushed away by the officer:



Additional photographs of Mr. Zerkle, used by the Government to identify him in this case, depict Mr. Zerkle putting his hand up to law enforcement and withdrawing back in response to officers making contact with him:



Photograph #335 - AFO L

Photograph #335 - AFO K

Photograph #335 - AFO J

Photograph #335 - AFO E

Mr. Zerkle's brother, who was standing next to him on January 6, 2021 and was eventually hit by law enforcement (and who was not charged), is shown terrified that he would be injured:



**ARGUMENT**

Counts I through III of the Indictment charge Mr. Zerkle, under Title 18, United States Code, Section 111(a)(1), with assaulting three separate officers by resisting when officers pushed through a group of protestors outside the United States Capitol and, in the process, hit individuals with batons.

Section 111(a)(1) provides a maximum term of 8 years imprisonment if Mr. Zerkle is found to have forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a government official and to have made "physical contact with the victim" or to have had "the intent to commit another felony." The statute provides, in relevant part:

**(a)**   In General. – Whoever-

**(1)**   forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; []

* * *

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve *physical contact with the victim* of that assault or *the intent to commit another felony*, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111(a)(1) (emphasis added).

The D.C. Circuit approved the following two sentence pattern instruction in *United States v. Arrington*, 309 F.3d 40, 47 n.13 (D.C. Cir. 2002): "[a]ll of the acts — assault, resist, oppose, impede, intimidate and interfere with — are modified by the word 'forcibly.' Thus, before you can find the defendant guilty you must find, beyond a reasonable doubt, that he acted forcibly." The relevant Ninth Circuit Jury Instruction provides that "[t]here is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a

reasonable apprehension of immediate bodily harm." *See* Ninth Circuit Jury Instruction 8.1, https://www.ce9.uscourts.gov/jury-instructions/node/919, last visited February 10, 2023. Similarly, the relevant Eleventh Circuit Jury Instruction provides that: "A 'forcible assault' is an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death."

As set forth in the Indictment, the theory of criminal liability is that Mr. Zerkle resisted by making "physical contact" with the intent of committing another felony. Indictment, Counts I-III (D.E. 1). The Government has indicated that the "another felony" referenced in Counts I through III of the Indictment is the charge of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count IV of the Indictment), which is based on Mr. Zerkle allegedly making contact with the same three officers identified by their initials in Counts I through III of the Indictment.

The Government has confirmed in writing that it plans to argue at trial that Mr. Zerkle *intended to* commit Count IV when committing Counts I through III, even though Count IV is based on the same conduct at issue in the prior counts. *See* Indictment, Count IV (alleging that Mr. Zerkle "committed and attempted to commit an act to obstruct, impede, and interfere with law enforcement officers," specifically, the same officers identified in Counts I through III).

The Government cannot proceed in this manner because the two offenses have identical *actus rei*. This issue has arisen in other cases where the Government has tried to use the same conduct as a predicate for a heightened level of criminal liability, causing concern over the circular overlap of charges brought pursuant to 18 U.S.C. § 111(a)(1) and § 231(a)(3). *See United States v. Hamner*, 21-cr-689-ABJ, Transcript of Sentencing Hearing (September 23, 2022) at 13-24, attached hereto as Exhibit 1.

Mr. Zerkle agrees with the district court's comments in the *Hamner* case — the term "another offense" means a "second, different crime," not just "any offense with any different elements[.]" Ex. 1 at 20-21. It is anticipated that the Government will oppose this argument by citing a number of decisions from the Court in which this bootstrapping method was permitted to maximize criminal exposure in January 6 related cases, but none of those cases involved defendants that did not go into the United States Capitol nor concerned only a defendant's conduct towards the same law enforcement officers in an interaction that lasted less than 30 seconds.

Mr. Zerkle submits that this Court should employ the "fork in the road" test or the "fresh impulse test" used by the D.C. Circuit to determine whether "criminal acts are separate or part of the same crime." *See United States v. Richardson*, 167 F.3d 621, 627 (D.C. Cir. 1999). Acts are deemed to be separate where "there was an appreciable interval—albeit quite brief—between the two criminal episodes which showed that the defendant had reached a 'fork in the road' or had acted in response to a 'fresh impulse.'" *Id.* at 167 F.3d at 627 (citation omitted). Here, the entire episode lasted less than 30 seconds, as evidenced by the body worn camera footage, and Mr. Zerkle left the area immediately following the interaction, unlike the many others who entered the United States Capitol.

As the Government cannot proceed on a theory, as charged in the Indictment, that Mr. Zerkle had the intent to commit another felony during his interaction with multiple police officers, Counts I through III should be dismissed or, in the alternative, the Government should be precluded from seeking to establish liability under the "another felony" prong of the statute as alleged in their Indictment.

Dated:  February 10, 2023       Respectfully submitted,

         /s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
Silverman, Thompson, Slutkin & White LLC
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile:  (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

*Counsel for Defendant Jacob Zerkle*