UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 22-cr-100 (RBW) |
| v. : | |
| : | |
| JACOB L. ZERKLE, : | February 24, 2023 |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO
PRECLUDE EVIDENCE RELATED TO CAPITOL BREACH**

The United States of America respectfully submits this response to Defendant Jacob Zerkle's Motion in Limine "to exclude evidence and testimony relating to the breach of the United States Capitol and other related topics." ECF No. 25.

The Defendant asks for eleven sweeping limitations on the presentation of evidence to the jury and justifies it with a single paragraph that simply parrots the generic language of Federal Rules of Evidence 401, 402, and 403 without attempting to address any of his eleven broad limitations in particular. The Court should deny this motion.

At most, the Court should consider the Defendant's argument at trial when deciding the admissibility of particular pieces of evidence that touch on the topics Defendant identifies, rather than entertain the wide-ranging Rule 403 analysis Defendant requests without addressing any one category of evidence—much less any specific concerns with any particular piece of potential evidence.

**BACKGROUND**

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election. While the certification process was proceeding, a large crowd gathered

outside the United States Capitol, entered the restricted grounds, and forced entry into the Capitol building. As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.

That day, Zerkle unlawfully entered onto restricted U.S. Capitol grounds alongside the crowd and amid this civil disorder, and then he attacked a group of Metropolitan Police Officers there to defend the Capitol while a joint session of Congress certified the results of the 2020 presidential election. A grand jury returned an eight-count indictment finding probable cause that he committed the following offenses that day: Assaulting, Resisting, or Impeding Certain Officers (18 U.S.C. § 111(a); Counts 1–3); Civil Disorder (18 U.S.C. § 231(a)(3); Count 4); Entering and Remaining in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(1); Count 5); Disorderly and Disruptive Conduct in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(2); Count 6); Engaging in Physical Violence in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(4); Count 7); Act of Physical Violence in the Capitol Grounds or Buildings (40 U.S.C. § 5104(e)(2)(F); Count 8).

A jury trial is set to begin June 12, 2023. Zerkle's motion in limine seeks a pretrial ruling excluding "any evidence, testimony, and arguments relating to … "(i) The breach of the United States Capitol on January 6, 2021; (ii) Events that occurred inside the United States Capitol following the breach; (iii) Damage caused to the United States Capitol on January 6, 2021; (iv) The certification of the election and the consequences of the delay of the certification; (v) The dangers to members of Congress, including the President of the Senate, former Vice President Mike Pence, and their staff on January 6, 2021; (vi) Injuries to law enforcement officers on January 6, 2021; (vii) The nature of the Government's investigation into the events of January 6, 2021;

(viii) The belief as to the presence of right-wing extremist groups or militia groups at, near, or inside the United States Capitol on January 6, 2021; (ix) Former President Donald J. Trump and potential conspiracies to overturn the election; (x) Allegations of voter fraud and election interference as the motivation for the breach of the United States Capitol; (xi) Plots or actions that would constitute sedition, insurrection, rioting, and/or the overthrowing of democracy." Dkt. 25 at 11–12.

## ARGUMENT

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The general rule is that relevant evidence is admissible," *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993), a "liberal" standard, *United States v. Moore*, No. 18-cr-198, 2022 WL 715238, at *2 (D.D.C. Mar. 10, 2022). Additionally, Rule 403 does not require the government "to sanitize its case, to deflate its witnesses' testimony or to tell its story in a monotone." *United States v. Gartmon,* 146 F.3d 1015, 1021 (D.C. Cir. 1998).

Zerkle requests that the Court prohibit the jury from hearing "any testimony, evidence, or arguments relating to" eleven broad topics such as "Former President Donald J. Trump" or "The breach of the United States Capitol on January 6, 2021." Dkt. 25 at 11–12. Neither Rule 401 nor 403 supports Zerkle's requested relief. In his motion, Zerkle does not raise any specific concerns or risks that would arise from the jury's exposure to testimony, evidence or arguments relating to these topics. Instead, after an eight-page "Factual Background" section, two pages stating the general rules governing the application of Federal Rule of Evidence 403, and one page listing the eleven topics to be excluded, Zerkle presents one paragraph of argument justifying these sweeping exclusions. That paragraph states in full:

> As none of the above-referenced topics or matters make it more likely than not that Mr. Zerkle was resisting law enforcement officers during a 29-second encounter that preceded the breach of the United States Capitol, the topics are not relevant and, therefore, are inadmissible at trial. *See* Fed. R. Evid. 401, 402. Even if the Government could meet its burden to establish the relevancy of any of these topics, which it cannot, any testimony, evidence, or arguments regarding such topics would still be inadmissible, because any admission would be highly inflammatory and prejudicial, and have the potential to mislead the jury and confuse the issues. Accordingly, Mr. Zerkle respectfully requests that his motion *in limine* to exclude testimony, evidence, and arguments regarding the breach of the United States Capitol and other related topics be granted.

Dkt. 25 at 12. This brief reasoning is insufficient to justify the wholesale exclusion of the categories of evidence Zerkle identifies.

Namely, the Defendant omits any meaningful explanation as to how the topics he seeks to exclude from trial actually run afoul of Federal Rule of Evidence 403. Contrary to the Defendant's bald assertions about the prejudice posed by the topics he seeks to exclude, it is not enough that the evidence is simply prejudicial—that prejudice must be "unfair" to implicate Rule 403. *United States v. Cassell,* 292 F.3d 788, 796 (D.C. Cir. 2002); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value.") (citations and punctuation omitted) (emphasis in original). The Government intends to introduce evidence at trial showing that the Defendant was an active and enthusiastic participant in the crowd that overran the Capitol grounds that day. Allowing a jury to hear evidence about his motivations that day and the harm he helped to cause is not unfair prejudice.

Additionally, Zerkle does not address the fact that many of these evidentiary categories directly relate to elements a jury must weigh at trial before deciding Zerkle's guilt or innocence on several of the charges against him. For example, Counts 5–7, charging Zerkle with crimes under 18 U.S.C. § 1752(a), require in this case that the Government prove that the Capitol grounds constituted a "restricted area" for the purposes of the provision. The Government intends to elicit

testimony and introduce evidence at trial showing the process by which the Capitol grounds were restricted that day in advance of U.S. Secret Service Protectees (Vice President Pence and two members of his family) visiting the Capitol on Jan. 6, 2021 for the joint session of Congress certifying the 2020 Electoral College vote.

Similarly, Count 6, which charges Zerkle with Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(2), also requires proof that Zerkle acted "with the intent to impede and disrupt the orderly conduct of government business and official functions" and that his conduct "did in fact impede and disrupt the orderly conduct of Government business and official functions." The Government intends to introduce evidence not only showing Zerkle's motivation to impede and disrupt government business and official functions that day related to voter fraud and election integrity, but also that such disruptions did indeed occur. The same is true for Count 4 of the indictment charging 231(a)(3), in which the Government must prove the existence of a civil disorder that "in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function." 18 U.S.C. 231(a)(3).

More generally, these limitations would have absurd results that would leave jurors with an incomplete, confused picture of why Zerkle and the victim officers were on Capitol grounds that day and the circumstances that led to their encounter. For example, Zerkle's motion describes MPD officers as a "riot battalion" "wearing riot gear, with protective helmets, shields, and body armor, and each was equipped with an extended baton." Dkt. 25 at 5. It is unreasonable to demand that the jury attempt the physical altercation between Zerkle and MPD officers without the ability to learn why MPD officers were on Capitol grounds that afternoon, why they were equipped with body armor, why rioters were yelling at officers and blocking their path, and why they were

attempting to make their way through a hostile crowd to the point where they became surrounded by it on all sides.

To be sure, to convict the Defendant, a jury must find that he himself committed each offense with which he is specifically charged. It is not enough for the government to show that the Defendant was simply present near others who committed crimes across the Capitol building and grounds. But the Defendant's argument ignores the nature of these crimes as a collective action. It was the mob's collective action that disrupted Congress, and the Defendant's knowledge of the collective riot bears on his *mens rea* for each of the charged offenses.

To that end, the Government's evidence will demonstrate how the mob's concerted efforts disrupted Congress. Throughout the day, individual officers found their attention divided by the need to monitor the whole crowd, rather than focusing on a specific individual. But for the Defendant's actions alongside so many others, the riot likely would have failed to delay the certification vote. *See United States v. Mazzocco*, No. 21-cr-54, Tr. 10/4/2021 at 25 ("A mob isn't a mob without the numbers. The people who were committing those violent acts did so because they had the safety of numbers.") (statement of Judge Chutkan). While a jury will judge the Defendant based on his own actions, the context of the Defendant's actions will necessarily be placed before them—that context was a riot.

Even if this Court found these topics created some articulable risk of unfair prejudice or bias, a limiting instruction would be the appropriate remedy. The D.C. Circuit has consistently upheld the use of limiting instructions as a way of minimizing the residual risk of prejudice. *See, e.g.*, *United States v. Douglas,* 482 F.3d 591, 601 (D.C. Cir. 2007) (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same); *Crowder II*, 141 F.3d at 1210 (stating that mitigating

instructions to jury enter into the Rule 403 balancing analysis). But at this stage, it would be premature to categorically exclude all of the topics that the defendant has listed in his brief. "Rule 403 establishes a high barrier to justify the exclusion of evidence..." *United States v. Lieu,* 963 F.3d 122, 128 (D.C. Cir. 2020). The defendant has not met this bar.

For the reasons stated above, Defendant's motion should be denied.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By: */s/ Hutton Marshall*
J. HUTTON MARSHALL
KATHERINE E. BOYLES
Assistant U.S. Attorneys
DC Bar No. 1721890
D. Conn. Fed. Bar No. PHV20325
601 D Street, N.W.
Washington, D.C. 20579
 (202) 809-2166
Joseph.hutton.marshall@usdoj.gov
Katherine.boyles@usdoj.gov