**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 22-cr-100 (RBW)** |
| **v.** | : | |
| | : | |
| **JACOB L. ZERKLE,** | : | **February 24, 2023** |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
**COUNTS ONE THROUGH THREE OF THE INDICTMENT**

The United States of America respectfully submits this response to Defendant Jacob Zerkle's Motion to Dismiss Counts 1–3 of the Indictment charging him with Assaulting, Resisting, or Impeding Officers in violation of 18 U.S.C 111(a). Zerkle's motion also asks in the alternative for the Court to preclude the Government from introducing evidence that Zerkle violated Section 111(a) with the intent to commit another felony.

Zerkle's motion lacks merit in several ways. First, there is no support for Zerkle's claim that in order for a jury to find that he violated 18 U.S.C. 111(a) with the intent to commit another felony, the jury must conclude that Zerkle took distinct conduct in furtherance of this other felony. Section 111(a)'s "other-felony" provision concerns a defendant's intent, not their actus reus. Courts have routinely recognized as much, and Zerkle cites no case that has ever adopted the additional requirement he articulates. Zerkle also fails to explain why, if the Court were to agree with his argument as to Section 231, the Government should be limited from producing any evidence that Zerkle violated 111(a) with the intent to commit *any* felony, let alone from producing additional evidence as to Zerkle's intent to violate Section 231.

Even if Zerkle's requirement existed, it would not justify dismissal of Counts 1–3. A defendant is subject to Section 111(a)'s felony enhancement if either of two conditions are met: if

the defendant's actions "involve physical contact with the victim of that assault *or* the intent to commit another felony." 18 U.S.C. § 111(a). Zerkle does not address the Government's ability to prove Zerkle made physical contact with the victim officers.

Further, a defendant may be criminally liable under Section 111(a) without being subject to this felony enhancement at all. Even if the Court ruled that the Government could not prove that Zerkle acted with the intent to commit another felony or that he made physical contact with officers, Zerkle could still be found guilty on Counts 1–3. Proof of physical contact or intent to commit another felony is only necessary to increase the maximum period of imprisonment from one to eight years, not to establish liability.

For any and all of these reasons, the Court should deny Zerkle's motion.

## BACKGROUND

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election. While the certification process was proceeding, a large crowd gathered outside the United States Capitol, entered the restricted grounds, and forced entry into the Capitol building. As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.

That day, Zerkle unlawfully entered onto restricted U.S. Capitol grounds alongside the crowd and amid this civil disorder, and then he attacked a group of Metropolitan Police Officers there to defend the Capitol while a joint session of Congress certified the results of the 2020 presidential election. A grand jury returned an eight-count indictment finding probable cause that he committed the following offenses that day: Assaulting, Resisting, or Impeding Certain Officers

(18 U.S.C. § 111(a); Counts 1–3); Civil Disorder (18 U.S.C. § 231(a)(3); Count 4); Entering and

Remaining in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(1); Count 5); Disorderly and

Disruptive Conduct in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(2); Count 6);

Engaging in Physical Violence in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(4); Count

7); Act of Physical Violence in the Capitol Grounds or Buildings (40 U.S.C. § 5104(e)(2)(F);

Count 8).

Zerkle has moved to dismiss Counts One through Three against him. Dkt. 29. In the

alternative, Zerkle asks the Court to preclude the Government from establishing Zerkle's criminal

liability under the "another felony" prong of Section 111(a). *Id.* at 12.

Counts one through three of the indictment against Zerkle charge him with violations of 18

U.S.C. 111(a) regarding three victim officers, identified in the indictment as C.W., C.B., and B.S.

The indictment on these counts reads:

> On or about January 6, 2021, within the District of Columbia, **JACOB L.
> ZERKLE**, did forcibly assault, resist, oppose, impede, intimidate, and interfere
> with, an officer and employee of the United States, and of any branch of the United
> States Government (including any member of the uniformed services), and any
> person assisting such an officer and employee, that is, [C.W., C.B., B.S.], who was
> an officer for the Metropolitan Police Department, while [C.W., C.B., B.S.] was
> engaged in and on account of the performance of official duties, and where the acts
> in violation of this section involve physical contact with the victim and the intent
> to commit another felony.

Dkt. 7 at 1–3.

## Argument

Zerkle's motion to dismiss the three Section 111(a) charges against him is meritless in

several respects. His sole argument for dismissal lacks support or persuasive reasoning, and he

does not acknowledge the multiple alternatives by which the Government could prove his guilt under Section 111(a) even if his argument were correct.

1.  *Zerkle made physical contact with the victim officers*

Section 111(a) of Title 18 creates a base offense for simple assault punishable by up to one year of imprisonment for any person who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" an officer or employee of the United States "while engaged in or on account of the performance of official duties." *See* 18 U.S.C. § 111(a)(1). However, "where such acts involve physical contact with the victim of that assault or the intent to commit another felony," a defendant is subject to up to eight years of imprisonment. 18 U.S.C. § 111(a).

As Judge Moss stated in *U.S. v. Cua*, 18 U.S.C. § 111(a) creates three categories of violations: "(1) acts in violation of the statute that "constitute only simple assault" (the "simple-assault provision"); (2) acts in violation of the statute the "involve physical contact with the victim of that assault" (the "physical-contact provision"); and (3) acts in violation of the statute that "involve . . . the intent to commit another felony" (the "other-felony provision")." *U.S. v. Cua*, 1:21-cr-107 (D.D.C. 2021) (Dkt. 228 at 10).

The evidence at trial will show that Zerkle made physical contact with the MPD officers he attacked. *See* Dkt. 1-1 at 3–10 (affidavit in support of arrest showing photographs of physical contact). The Government also anticipates that the evidence will show that Zerkle attacked these MPD officers with the intent to commit another felony, but this would be an additional, independently sufficient means of establishing Section 111(a)'s felony enhancement. Thus, even if Zerkle were correct that the "another felony" prong could not be established, dismissal of these counts would not be warranted.

2.  *Proof of intent to commit another felony is not required to sustain conviction*

4

Relatedly, even if the Government could not establish that Zerkle made physical contact with the victim officers during the attack or that Zerkle did so with the intent to commit another felony, Zerkle could still be liable under 111(a)'s simple-assault provision. *See* 18 U.S.C. § 111(a). Zerkle does not need to violate to establish misdemeanor liability under Section 111(a). The physical-contact and other-felony provisions are only necessary to upgrade a Section 111(a) violation from a misdemeanor to a felony, not to establish base liability.

3.   *Section 111(a) requires proof of "intent to commit another felony," not additional conduct in furtherance of this felony*

Zerkle's principal argument is that because the Government will argue that Zerkle's attack on officers C.W., C.B., and B.S. constituted violations of both Section 111(a) and Section 231(a)(3), he cannot be subject to Section 111(a)'s other-felony provision under the theory that he attacked officers with the intent to violate 231(a)(3), as it involves the same actus reus as the Section 231(a)(3) charge against him.

The text of Section 111(a) contains or implies no such limitation. The other-felony provision of Section 111(a) solely concerns whether a defendant acted with "the intent to commit another felony," not whether some further act would be necessary to accomplish that felony. There is no requirement that a defendant even be charged or convicted with this other felony, as many cases have held.[1] For example, in announcing his verdict in *United States v. McCaughey, et al.,*

---

[1] *See United States v. Thompson*, 60 F.3d 514, 518 (8th Cir. 1995) (defendant committed aggravated assault where defendant was convicted under Section 111 and his conduct involved the intent to commit state law robbery, where the state law robbery charge was later dismissed); *United States v. Rue*, 988 F.2d 94, 97(10th Cir. 1993) (defendant committed aggravated assault where defendant was convicted under Section 111 and his conduct involved the intent to commit possession of a syringe and a controlled substance, where the defendant was charged with but not convicted of the latter offenses); *United States v. Robles*, 557 F. App'x 355, 359 (5th Cir. 2014) (defendant committed aggravated assault where he was convicted under Section 111 and his conduct involved the intent to commit the uncharged state-law felony of evading arrest while using a vehicle); *United States v. Ranaldson*, 386 F. App'x 419, 429 (4th Cir. 2010) (defendant

No. 21-cr-40-TNM, Judge McFadden found that all three of the McCaughey defendants were guilty of felony violations of Section 111(a) (as well as standalone violations of Section 231(a)(3)), because they committed their violations with the intent to commit civil disorder in violation of Section 231(a)(3). *McCaughey* Sentencing Transcript, at 28-29, 36. In discussing his verdict on the Section 111(a) charges, Judge McFadden stated in part, "[a]t all times relevant to Counts 14, 16 and 33, rioters in the tunnel knowingly obstructed officers as part of a civil disorder as defined by the statute. That is enough for them to commit a felony violation of Section 111(a)." *McCaughey* verdict at 13–14.

The only case Zerkle cites as supportive of his additional requirement is *United States v. Hamner*, 21-cr-689-ABJ, where he cites to a sentencing hearing in which Judge Berman Jackson decided the applicability of a U.S. Sentencing Guidelines cross reference from 2A2.4 to 2A2.2 (aggravated assault). Contrary to Zerkle's characterization of the case, Judge Berman Jackson's reasoning at the *Hamner* sentencing undermines his argument. In the portion cited by Zerkle, Judge Berman Jackson disagreed with the Government's position that the defendant's conviction for Count 2, for Section 111(a), could be treated as an assault to commit another felony, where the other felony was a separate Section 111(a) count (Count 1), not Section 231. Judge Berman Jackson explicitly differentiated the case from one where the predicate felony was a Section 231 conviction. *See* Dkt. 29-1 (*Hamner* transcript) ("[T]he extra problem that we have in this case is we're not using the 231 offense as another felony for the 111 offense. We're going the other way."). Judges Friedrich and Hogan reached the same holding in *United States v. Creek*, 1:21-cr-

---

committed aggravated assault where he was convicted under Section 111 and his conduct involved the intent to commit the uncharged state law felony of intentionally attempting to disarm a law enforcement officer).

645, and *United States v. Sargent*, 1:21-cr-258-TFH, respectively, both over the defendants' objections.[2]

### Conclusion

For the foregoing reasons, the Court should deny Zerkle's motions. Zerkle's argument rests on misinterpretations of Section 111(a) and the indictment against him. Even if he were correct, his argument would not justify the dismissal of the Section 111(a) charges against him, nor do they justify limiting how the Government can prove the Section 111(a) charges at trial.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By:   */s/ Hutton Marshall*
J. HUTTON MARSHALL
KATHERINE E. BOYLES
Assistant U.S. Attorneys
DC Bar No. 1721890
D. Conn. Fed. Bar No. PHV20325
601 D Street, N.W.
Washington, D.C. 20579
 (202) 809-2166
Joseph.hutton.marshall@usdoj.gov
Katherine.boyles@usdoj.gov

---

[2] At least three other judges in this District—Judges Lamberth, Chutkan, and Bates—applied the guidelines in the same way in cases where the question was not disputed. *See United States v. Duke Wilson,* 21-cr-345 (RCL); *United States v. Devlyn Thompson*, 21-cr-461 (RCL); *United States v. Robert Palmer*, 21-cr-328 (TSC); *United States v. Languerand*, 21-cr-353 (JDB); *United States v. Fairlamb*, 21-cr-120 (RCL). Judge Berman Jackson did the same where the issue was not disputed in *United States v. Leffingwell*, 1:21-cr-5-ABJ (Sentencing Transcript at 15:18-22).