IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 22-cr-100-RBW |
| v. | : | |
| | : | |
| JACOB L. ZERKLE, | : | |
| *Defendant*. | : | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE*__**

The Government must simply be confused. Apparently, it believes that this case is one of the pending nine hundred (900) cases where individuals are charged with offenses relating to the breach of the United States Capitol or the obstruction of an official proceeding on January 6, 2021. That is not this case. On January 6, 2021, Jacob Zerkle *never* went into the United States Capitol, *never* attempted to go into the United States Capitol, and *never* wanted to go into the United States Capitol. He is not charged with obstruction of any official proceeding, including the Electoral College certification proceeding that took place on January 6, 2021. He was not arrested nor detained on January 6, 2021 for any of his actions that day. He was not part of any organized group reported to be responsible for aspects of what occurred that day. Rather, Mr. Zerkle is one of the thousands of protestors who was present in Washington, D.C. on January 6, 2021, but who did not participate in the breach of the United States Capitol.

Yet, from the Government's own motion *in limine* (and oppositions to the Defendant's motions *in limine*),[1] it appears that these facts make no difference to the Government. Consistent

---

[1] Pursuant to the Defendant's pending *unopposed* motion for extension of time filed on January 30, 2023, the parties' reply submissions to pretrial motions are due on or before March 17, 2023.

with the concerns raised in the Defendant's motion *in limine* (and reinforced by the Government's submissions), the Government plans to present evidence relating to the breach of the Capitol, the Electoral College certification proceeding, the movement of Vice President Pence and his family, and the Secret Service's protection of them. None of this evidence makes a fact at issue in this case more or less likely to have occurred (*i.e.*, whether Mr. Zerkle *forcibly* assaulted, through resistance, a law enforcement officer on Capitol grounds in a 29-second period of time, prior to both the breach of the United States Capitol and the subsequent suspension of the joint session). Rather, the Government intends to introduce this evidence before the jury to equate Mr. Zerkle with individuals who breached the Capitol, paraded and demonstrated inside the building, conspired to obstruct an official proceeding, and/or tried to impede the peaceful transition of government. Mr. Zerkle's conduct on January 6, 2021 does not fit this pattern.

The Government's justification for why it *must* be permitted to present this evidence is the purported need to prevent the jury from receiving a "confused picture of why Zerkle and the victim officers were on Capitol grounds that day[.]" *See* Gov't Opp'n at 5 (D.E. 32). Despite acknowledging that "a jury must find that [Mr. Zerkle] *himself* committed each offense with which he is specifically charged," *id.* at 6 (emphasis added), the Government wants this Court, and the jury, to view his alleged crimes as part of a "mob's collective action" or a "collective riot." *Id.* It should be clear to everyone, especially the Government, what was occurring on January 6, 2021. While there were individuals whose "concerted efforts disrupted Congress," *see id.*, there were also validly issued permits for protests and demonstrations on Capitol grounds that day, which Mr. Zerkle will introduce into evidence at trial. The Government similarly invokes a purported need to

---

*See* D.E. 24 at 2. Mr. Zerkle looks forward to thoroughly responding to the claims raised by the Government in its opposition submissions at that time.

2

assist the jury to justify its desire to have a case agent, who is based *in Arizona*, narrate what happened inside the United States Capitol on January 6, 2021, and what purportedly occurred between Mr. Zerkle and Metropolitan Police Department ("MPD") officers in a 29-second period of time. As Mr. Zerkle explained in his motion *in limine* (D.E. 27), the case agent was not present at or near the Capitol on January 6, 2021, and the MPD officers themselves can testify — based on their purported personal knowledge — as to what occurred that day.[2]

As it concerns the Government's limited motion *in limine* to exclude evidence (D.E. 25 at 1-7), Mr. Zerkle has no intention of discussing surveillance cameras inside the United States Capitol or Secret Service protocols because such topics are completely irrelevant to the charges in this case. For that same reason, Mr. Zerkle opposes the Government's motion (*id.* at 7-8) to admit certain documents, as the proffered materials only pertain to the events occurring inside the United States Capitol, and thus should not be presented to the jury as evidence in this case. Moreover, the Government's request that the Court "take judicial notice of, and admit into evidence" the "statutes and constitutional provisions that govern the certification of the Electoral College vote" is without legal support. According to the Government, "the jury is entitled to an explanation" of such law based on the "principle" that, "where a federal prosecution hinges on an interpretation or application of *state law*, it is the district court's function to explain the relevant *state law* to the

---

[2] Even more concerning, the Government cannot bring itself to confirm whether or not it intends to use video of Mr. Zerkle walking around the National Mall on January 6, 2021 and statements made by individuals around him that day, which was only recently identified to the defense on February 16, *2023*, as purportedly evidence as to whether he committed an assault later that day. Mr. Zerkle will address this purported evidence once the Government in fact confirms that it will be seeking to admit this completely irrelevant and unjustly prejudicial information at trial. As for the Government's offhand remark that Mr. Zerkle "attacked" a group of officers (D.E. 32 at 2), Mr. Zerkle will be filing additional motions seeking to exclude such argument or opinion evidence as it is completely unsupported by the discovery produced to date and hopefully the Government will have a witness or evidence at the parties' May 5, 2023 motions hearing to support its claim that Mr. Zerkle made contact with officers first on January 6, 2021.

jury." *Id.* (emphasis added) (citing *United States v. Fazal-Ur-Raheman-Fazal*, 355 F.3d 40, 49 (1st Cir. 2004)). This "principle" is inapposite, as there is no state law at issue in the Government's prosecution of Mr. Zerkle. Moreover, the issue before the First Circuit in *Fazal-Ur-Raheman-Fazal* was not whether the district court could take judicial notice of or admit into evidence provisions of state law, but rather whether the district court erred in instructing the jury regarding Massachusetts law on parental rights.

Before a jury in the District of Columbia, the Government apparently wants to present evidence that Mr. Zerkle is a Capitol rioter, insurrectionist, and coconspirator with right wing extremists, despite not having charged him with any such conduct or offenses. The Government cannot proceed in this manner and it should have known better in the first instance.

For these reasons, Mr. Zerkle respectfully requests that the Court deny the Government's motion *in limine* to admit pretrial the proffered statutes and records.

Dated: March 3, 2023                                 Respectfully submitted,

                                                       /s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
Silverman, Thompson, Slutkin & White LLC
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile:  (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

*Counsel for Defendant Jacob Zerkle*