UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 22-cr-100 (RBW) |
| v. : | |
| : | |
| JACOB L. ZERKLE, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S REPLY IN SUPPORT OF**
**OMNIBUS MOTION IN LIMINE**

The United States of America submits this reply in support of its omnibus motion in limine. Dkt. 25.

The government asks the Court to do just two things in its motion: to preclude unnecessary discussion of closed-circuit video ("CCV") camera locations and Secret Service protocols, and to admit as evidence and take judicial notice of portions of the Congressional record from Jan. 6, 2021 and certain statutory and constitutional provisions related to the proceedings. In his opposition to this omnibus motion, the defendant spends a great deal of time complaining about issues not germane to the motion itself, and the rhetoric employed by the defendant does little to oppose either of these noncontroversial requests. The defendant instead chooses to devote the majority of his response to matters entirely separate from the present motion, such as the government's response to his motion to dismiss or email correspondence with government counsel on unrelated items produced in discovery. *See* Dkt. 36 at 2–4. The Court should reject the defendant's arguments and grant the government's motions in limine.

**Argument**

1. Motion in Limine to Limit Unnecessary Discussion of Security-Related Topics

In its omnibus motion in limine, the government first moved for a pretrial ruling limiting extraneous discussions of U.S. Secret Service protocols and the exact locations of CCV cameras within the U.S. Capitol. This motion appears to be unopposed by the defendant, who states in his response filing: "As it concerns the Government's limited motion *in limine* to exclude evidence, Zerkle has no intention of discussing surveillance cameras inside the United States Capitol or Secret Service protocols because such topics are completely irrelevant to the charges in this case." Dkt. 36 at 3 (citing Dkt. 25 at 1–7).

2. Motion in Limine to Admit Certain Statutes and Records

The government also moved the Court to take judicial notice of and admit into evidence copies of the Congressional record from Jan. 6, 2021 and certain statutory and constitutional provisions underlying the Congressional proceedings that day certifying the 2020 Electoral College results.[1] Dkt. 29 at 7. In moving to admit these provisions and record excerpts, the government argued that they provide important and necessary context to the jury regarding the Congressional proceedings that took place that day. *Id.* This is particularly so when the defendant is charged with 18 U.S.C. § 231 (necessitating that the government prove a civil disorder existed in the first place), as well as 18 U.S.C. §§ 1752(a)(1), (2), and (4) (requiring the government to prove a restricted perimeter, and in the case of §1752(a)(2), prove the disruption of the orderly conduct of government business or official functions).

Zerkle articulates two reasons why this request should be denied. First, the defendant claims that the government's request that the Court take judicial notice of and admit the electoral

---

[1] Specifically, the government asked the Court to admit and take judicial notice of Article II, Section 1 of the Constitution of the United States, the Twelfth Amendment, and 3 U.S.C. §§ 15–18. Dkt. 25 at 7.

2

college certification materials is "without legal support." Dkt. 36 at 3. This mischaracterizes the government's motion and ignores case law cited in the government's request. Dkt. 25 at 7–8.[2]

Additionally, the defendant states that because "the proffered materials only pertain to the events occurring inside the United States Capitol," they are not relevant to this case. Dkt. 36 at 3. This conclusory assertion rings hollow. While it is true the government has not alleged that the defendant entered the Capitol building itself, the idea that the conduct of thousands of rioters, including the defendant, who remained outside of the building, but on restricted grounds, had no bearing upon the proceedings inside and the acts taken by elected officials and law enforcement on that day defies logic. Further, the government intends to prove at trial that the defendant traveled across the country from Arizona in order to be in Washington, D.C. on Jan. 6, 2021 when Congress certified the 2020 Electoral College results; the defendant's awareness of and views about these proceedings are highly relevant to the jury's determination of his intent while trespassing on Capitol grounds that day.

Furthermore, as described above, the certification proceedings taking place that day—and particularly the forced disruption and suspension of those proceedings—bear directly on several charges against the defendant. For example, Count 6 charges the defendant with Disorderly and Disruptive Conduct in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(2)), which requires the government to prove that he knowingly and intentionally impeded and disrupted the orderly conduct of government business and official functions. Dkt. 7 (Indictment). The occurrence of the

---

[2] Contrary to the defendant's argument, the government's citation of *United States v. Fazal-Ur-Raheman-Fazal*, 355 F.3d 40, 49 (1st Cir. 2004) serves as an example of when the text of a statute itself might be relevant information for a jury acting as the finder of fact. Just as the court decided that jurors in *Fazal-Ur-Raheman-Fazal* would benefit from instruction on relevant Massachusetts state law in deciding the defendant's guilt or innocence, *Fazal-Ur-Raheman-Fazal*, 355 F.3d at 49, so too might the Court instruct or allow introduction of relevant statutory and constitutional provisions bearing on Zerkle's intent—and thus his guilt or innocence—in this case.

certification proceedings while the defendant was on Capitol grounds is thus relevant to his intent that day and contextualizes whether his conduct was, in fact, disruptive or disorderly. Similarly, Count 4 charges the defendant with Civil Disorder (18 U.S.C. § 231(a)(3)), which requires the government to prove both the existence of a civil disorder and that he intentionally acted to obstruct, impede, or interfere with law enforcement officers during the commission of a civil disorder. The details (and his knowledge) of Congressional business are highly probative of the defendant's state of mind when he encountered law enforcement officers that day, and the Congressional record further reflects the severity of the civil disorder that took place that day. *United States v. Rivera*, No. CR 21-060 (CKK), 2022 WL 2187851, at *5 (D.D.C. June 17, 2022) (holding that "disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process).[3]

   3. The defendant's other contentions

Separate from the government's two requests in its omnibus motion in limine, the defendant dedicates most of his opposition filing to rehashing separate disputes, thus confusing the issues. Dkt. 36 at 1–3. Specifically, rather than focus his brief on responding to the government's motion in limine, the defendant attempts to rebut the government's opposition to his own motions and further muddies the waters by referring to unrelated email correspondence regarding discovery produced to the defendant. These arguments have no bearing on the merits of the government's motion in limine.

---

[3] *Rivera*, 2022 WL 2187851, at *5 ("Even mere presence in an unlawful mob or riot is both (1) 'disorderly' in the sense that it furthers the mob's 'disturb[ing] the public peace' and (2) 'disruptive' insofar as it disturbs the normal and peaceful condition of the Capitol grounds and buildings, its official proceedings, and the safety of its lawful occupants. Were it not, it must be said that continued presence in a mob that is being tear gassed and pepper sprayed is disorderly insofar as a person's continued presence clearly impedes law enforcement's efforts to regain control of a particular area.").

First, the defendant confuses the procedural posture of the motion practice in this case. Though he styles the document filed at Dkt. 36 as "Defendant's Opposition to the Government's Motion in Limine," the defendant proceeds to refer in several places to the *government's* opposition to the *defendant's* motions where he carries the burden of persuasion. In a separate filing, the government opposed the defendant's separate motion in limine asking the Court to exclude eleven expansive categories of January 6-related evidence. *See* Dkt. 32. The defendant's opposition brief conflates that opposition with the current filing, characterizing the government's opposition as arguing that "it *must* be permitted to present this evidence," referring to the eleven broad evidentiary categories the defendant seeks to exclude. Dkt. 36 at 2 (emphasis in original). But it is the defendant who seeks to exclude categories of evidence through that motion, rather than the government seeking to affirmatively admit any evidence, as the defendant's opposition implies. Contrary to the defendant's assertions, the government argued in its opposition to the defendant's motion in limine that the defendant had simply failed to justify his broad request: "This brief reasoning is insufficient to justify the wholesale exclusion of the categories of evidence Zerkle identifies." Dkt. 32 at 4.

Second, the defendant expresses his "concern[]" in his opposition that "the Government cannot bring itself to confirm whether or not it intends to use" certain third-party video identified by the government as potentially relevant and produced to the defendant on Feb. 16, 2023 as part of its ongoing discovery review and trial preparations. Dkt. 36 at 3. The government is currently compiling its exhibits for trial – a trial nearly three months away – and will provide the defendant with sufficient notice of its exhibits already provided in discovery in due course.

Finally, the defendant demands that the government must "have a witness or evidence" at the upcoming motions hearing to substantiate that Zerkle deliberately made physical contact with

officers on Jan. 6, 2021. Dkt. 36 at 3, n.2. This request is a thinly veiled attack at the sufficiency of the government's evidence—and, again, it is remarkably attenuated from the present motion in limine.[4] There is no law to support such a request; the defendant is not entitled to a pretrial ruling on the sufficiency of the government's evidence. *United States v. Yakou,* 428 F.3d 241, 247 (D.C. Cir. 2005) ("[I]t is an 'unusual circumstance[ ]' for the district court to resolve the sufficiency of the evidence before trial because the government is usually entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure.") (quoting *United States v. Risk,* 843 F.2d 1059, 1061 (7th Cir. 1988)).

## Conclusion

For the reasons stated above, the Court should grant the government's motions in limine.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By:  */s/ Hutton Marshall*
J. HUTTON MARSHALL
KATHERINE E. BOYLES

---

[4] Whether the defendant made physical contact with officers was raised in relation to the defendant's motion to dismiss Counts 1–3, which charge Zerkle with violations of 18 U.S.C. § 111(a). Dkt. 29. Zerkle argued that these counts must be dismissed because the government could not prove that Zerkle violated Section 111(a) with the intent to commit another felony, which enhances a Section 111(a) offense from a misdemeanor to a felony. *Id.* The government responded in part by stating that even if proving this felony enhancement was required to sustain these counts (which it is not), it could alternatively satisfy the requirement by proving—as the government said that it intends to do—that Zerkle made physical contact with the officer victims. Dkt. 35 at 4. Zerkle misses the point in arguing that the government must prove such physical contact in advance of trial. What matters for his motion to dismiss is that Section 111(a) includes an alternative means of enhancing a Section 111(a) violation from a misdemeanor to a felony by proving at trial that the defendant made physical contact with the victim officers.

                                        Assistant U.S. Attorneys
                                        DC Bar No. 1721890
                                        D. Conn. Fed. Bar No. PHV20325
                                        601 D Street, N.W.
                                        Washington, D.C. 20579
                                        (202) 809-2166
                                        Joseph.hutton.marshall@usdoj.gov
                                        Katherine.boyles@usdoj.gov