**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **Case No: 22-CR-100 RBW** |
| | **:** | |
| **JACOB ZERKLE,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**<u>PROPOSED JURY INSTRUCTIONS</u>**

Pursuant to the Court's September 26, 2022, minute order, the parties hereby jointly propose the following preliminary and final jury instructions, subject to issues that arise during trial.

**I.       Preliminary Instructions**

1. Definitions: Stipulation of Fact, Redbook 1.103(A) [if applicable]

2. The Court's standard preliminary instructions

**II.      Final Instructions**

3. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

4. Function of the Court, Redbook 2.101

5. Function of the Jury, Redbook 2.102

6. Jury's Recollection Controls, Redbook 2.103

7. Evidence in the Case, Redbook 2.104

8. Statements of Counsel, Redbook 2.105

9. Indictment Not Evidence, Redbook 2.106

10. Burden of Proof, Redbook 2.107

11. Reasonable Doubt, Redbook 2.108

12. Direct and Circumstantial Evidence, Redbook 2.109

13. Nature of Charges Not To Be Considered, Redbook 2.110

14. Number of Witnesses, Redbook 2.111

15. Inadmissible and Stricken Evidence, Redbook 2.112

16. Credibility of Witnesses, Redbook 2.200

17. Police Officer's Testimony, Redbook 2.207

18. Right of Defendant Not to Testify, Redbook 2.208 [if applicable after trial]

19. Evaluation of Prior Inconsistent Statement, Redbook 2.216 [if applicable after trial]

20. Proof of State of Mind, Redbook 3.101

21. Multiple Counts – One Defendant, Redbook 2.402

22. Unanimity—General, Redbook 2.405

23. Verdict Form Explanation, Redbook 2.407

24. Redacted Documents and Tapes, Redbook 2.500

25. Exhibits During Deliberations, Redbook 2.501

26. Selection of Foreperson, Redbook 2.502

27. Possible Punishment Not Relevant, Redbook 2.505

28. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

29. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

30. Excusing Alternate Jurors, Redbook 2.511

31. Elements of the Offenses and Definitions of Terms (*see proposed instructions*)

32. Attempt, Redbook 7.101

33. Self-Defense, General Considerations, Redbook 9.500 [If applicable after trial]

**DEFENDANT'S PROPOSED INSTRUCTION ON 18 USC § 111[1]**

[ **ASSAULTING, RESISTING, OR IMPEDING CERTAIN OFFICERS**[2]
(18 U.S.C. § 111(a)(1))

Counts One, Two, and Three of the Indictment charge the defendant, Jacob Zerkle, with assaulting, resisting, or impeding certain officers. Count One pertains exclusively to Metropolitan Police Department Officer C.W.[3] Count Two pertains exclusively to Metropolitan Police Department Officer C.B. Count Three pertains exclusively to Metropolitan Police Department Officer B.S.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with the [the specific officer named in the Indictment] as to [corresponding Count of the Indictment];

Second, the defendant did such act forcibly;

Third, the defendant did such acts voluntarily and intentionally; and

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties, or any person assisting such an officer or employee in the performance of that officer's duties.

---

[1] In all instances where the Government or Defendant has proposed instructions individually, the other party objects to the inclusion of those individually proposed instructions.

[2] Ninth Circuit Pattern Jury Instruction 8.1 - Assault on Federal Officer or Employee (18 U.S.C. § 111(a)); *United States v. Riley Williams*, No. 21-cr-618-ABJ.

[3] The parties intend to propose that the jury instructions be revised to include the full names of the MPD officers referenced in Counts One, Two and Three after their names have been disclosed publicly on the Court docket.

**DEFENDANT'S PROPOSED INSTRUCTION ON 18 USC § 111 (cont.)**

Fifth, the defendant made physical contact with the officer or acted with the intent to commit the felony offense of Civil Disorder as alleged in Count Four of the Indictment.[4]

One acts forcibly when one intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A reasonable apprehension of immediate bodily harm is determined with reference to a reasonable person aware of the circumstances known to the victim, not with reference to all circumstances, including circumstances unknown to the victim. ]

---

[4] Currently pending before the Court is the Defendant's motion to bar the Government from proceeding on the other felony offense component of Counts One through Three of the Indictment. *See* D.E. 29.

**GOVERNMENT'S PROPOSED INSTRUCTION ON 18 USC § 111**

[ <u>**ASSAULTING, RESISTING, OR IMPEDING CERTAIN OFFICERS WHILE MAKING PHYSICAL CONTACT WITH THE OFFICER OR ACTING WITH THE INTENT TO COMMIT ANOTHER FELONY UNDER 18 U.S.C. § 111(a)**</u>

Counts One, Two, and Three of the Indictment charge the defendant, Jacob Zerkle, with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with any person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. Counts One, Two, and Three of the Indictment additionally charge that the defendant, in the commission of such acts, made physical contact with the person or acted with the intent to commit another felony.

Counts One, Two, and Three charge the defendant with three separate violations of 18 U.S.C. § 111(a), as the Government has accused the defendant of assaulting, resisting, opposing, impending, intimidating, or interfering with three individual Metropolitan Police Department officers. The officer identified in Count One is C.W.; for Count Two, the officer is C.B., and for Count Three, the officer is B.S.

I am going to instruct you on Counts One, Two, and Three together, since the applicable elements and definitions are the same for these three charges. I will also instruct you on the lesser included offense of assaulting, resisting, opposing, impending, intimidating, or interfering with any person assisting officers of the United States who are engaged in the performance of their official duties. After I give you the elements of these crimes, I will tell you in what order you should consider them. Although I am explaining the applicable law for Counts One, Two, and Three together, you should consider each charge individually, and finding the defendant guilty or not guilty on any one of these counts should not affect your decision as to the Defendant's guilt or innocence on any other count.

5

**GOVERNMENT'S PROPOSED INSTRUCTION ON 18 USC § 111 (cont.)**

**Elements of Section 111(a) offense**

To find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a person assisting officers of the United States who are engaged in the performance of their official duties, while making physical contact with the person or acting with the intent to commit another felony, you must find the following elements beyond a reasonable doubt:

1. First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with the particular Metropolitan Police Department officer identified in Counts One, Two, and Three. Count One identifies Officer C.W., Count Two identifies Officer C.B., and Count Three identifies Officer B.S.

2. Second, the defendant did such acts forcibly.

3. Third, the defendant did such acts voluntarily and intentionally.

4. Fourth, the person who was assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

5. Fifth, the defendant made physical contact with a person who was assisting officers of the United States who were then engaged in the performance of their official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count Four.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal

officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

**GOVERNMENT'S PROPOSED INSTRUCTION ON 18 USC § 111 (cont.)**

<u>Section 111(a) – Definitions</u>

The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[5]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.  To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury.  Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[6]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

---

[5] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[6] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.").

**GOVERNMENT'S PROPOSED INSTRUCTION ON 18 USC § 111 (cont.)**

### Section 111(a) – Elements of lesser-included offense

To find the defendant guilty of assaulting, resisting, opposing, impeding, intimidating, or interfering with any person assisting officers of the United States who are engaged in the performance of their official duties, you must find the following elements beyond a reasonable doubt:

1. First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with the particular Metropolitan Police Department officer identified in Count One, Two, and Three.

2. Second, the defendant did such acts forcibly.

3. Third, the defendant did such acts voluntarily and intentionally.

4. Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

## GOVERNMENT'S PROPOSED INSTRUCTION ON 18 USC § 111 (cont.)

### Section 111(a) – Order to consider charges

Now I am going to instruct you as to the order in which you should consider the above offenses for Counts One, Two, and Three. For each count, you should consider first whether the defendant is guilty of assaulting, resisting, opposing, impeding, intimidating, or interfering with any person assisting officers of the United States who are engaged in the performance of their official duties, while making physical contact with the person or acting with the intent to commit another felony.

If you find the defendant guilty of that offense, do not go on to the lesser-included offense. If you find the defendant not guilty, go on to consider whether he is guilty of assaulting, resisting, opposing, impeding, intimidating, or interfering with any person assisting officers of the United States who are engaged in the performance of their official duties, regardless of whether the defendant made physical contact with that person or intended to commit another felony when doing so. And if, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this other assault charge.

This order will be reflected in the verdict form that I will be giving you.

**CIVIL DISORDER**
(18 U.S.C. § 231(a)(3))

Count Four of the Indictment charges the defendant, Jacob Zerkle, with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:

1. The defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

2. At the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

3. The civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual. 18 U.S.C. § 232(1).

**Defendant's additional proposed instructions:**

[The term "commerce" means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia. 18 U.S.C. § 232(2).]

**Government's additional proposed instructions:**

[The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[7]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments.  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

---

[7] Modified definition of 18 U.S.C. § 232(2) from jury instructions *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021).

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

For the U.S. Capitol Police and the Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.]

Unless I instruct otherwise, the terms that I define for you apply the same wherever they appear in these instructions.

**DEFENDANT PROPOSES REDBOOK NO. 7.101 ATTEMPT INSTRUCTION FOR 18 USC § 231(a)(3).**

**GOVERNMENT'S PROPOSED INSTRUCTION ON 18 USC § 231(a)(3) ATTEMPT:**

<u>CIVIL DISORDER – ATTEMPT</u>
(18 U.S.C. § 231(a)(3))

The defendant is also charged in Count Four with attempting to obstruct officers during a civil disorder.  This a federal crime even though the defendant did not actually complete the crime of obstructing officers during a civil disorder. However, you must find that the government proved beyond a reasonable doubt each of the following two elements:

1.      The defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

2.      The defendant took a substantial step toward committing obstructing officers during a civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

14

## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS
### (18 U.S.C. § 1752)

Count Five of the indictment charges the defendant, Jacob Zerkle, with entering or remaining in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2. The defendant did so knowingly.

**Government's additional proposed instructions:**

[The government must prove beyond a reasonable doubt only that the defendant either knowingly and willfully entered, or knowingly and willfully remained in, a restricted building or grounds without lawful authority, not that the defendant did both. You must unanimously agree on which of those things the defendant did.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.]

15

**Defendant's additional proposed instructions:**

[The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President of the United States.]

## DISORDERLY OR DISRUPTIVE CONDUCT
## IN A RESTRICTED BUILDING OR GROUNDS
### (18 U.S.C. § 1752(a)(2))

Count Six of the indictment charges the defendant, Jacob Zerkle, with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2. The defendant did so knowingly and with intent to impede or disrupt the orderly conduct of Government business or official functions; and

3. The defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

**Government's additional proposed instructions:**

[The government must prove beyond a reasonable doubt that the defendant engaged in either disorderly conduct or disruptive conduct, but not that the defendant engaged in both. You must unanimously agree on which of those things the defendant did.

Similarly, to find the defendant guilty, you must unanimously agree that the defendant either intended to impede or disrupt the orderly conduct of Government business or official functions. But the government does not need to prove that the defendant intended both of those things.

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is

17

unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.]

**Defendant's additional proposed instructions:**

["Disorderly conduct" in a restricted building or grounds, occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, and is behavior that tends to disturb the public peace, offend public morals, or undermine public safety.

"Disruptive conduct" is a disturbance that interrupts the normal business or orderly conduct of an event, public activity, or the normal course of a process.]

18

## ENGAGING IN PHYSICAL VIOLENCE
## IN A RESTRICTED BUILDING OR GROUNDS
### (18 U.S.C. § 1752(a)(4))

Count Seven of the Indictment charges the defendant, Jacob Zerkle, with engaging in an act of physical violence in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.  The defendant engaged in any act of physical violence against any person in any restricted building or grounds.

2.  The defendant did so knowingly.

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or damage to, or destruction of, real or personal property.

## <u>ACT OF PHYSICAL VIOLENCE IN THE CAPITOL GROUNDS OR BUILDINGS</u>
(40 U.S.C. § 5104(e)(2)(F))

Count Eight charges the defendant, Jacob Zerkle, with engaging in an act of physical violence in the Capitol Building or Grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant engaged in any act of physical violence in any of the United States Capitol Buildings or Grounds.

2. The defendant acted willfully and knowingly.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.