UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 22-CR-100 (RBW) |
| : | |
| JACOB L. ZERKLE, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE**

The defendant, Jacob Zerkle, has moved to continue his jury trial based on the unavailability of a former Metropolitan Police Officer to testify. *See* Mot. to Continue, Doc. 48. The United States, through the United States Attorney for the District of Columbia respectfully opposes the motion.

**Argument**

In his second motion to continue, the defendant now asks the Court to indefinitely continue trial in light of the unavailability of a former Metropolitan Police Officer, C.W. By way of background, C.W. is a six-year veteran of the Metropolitan Police Department and is the alleged victim officer in Count One of the Indictment, which charges the defendant with assaulting, resisting, or impeding certain officers in violation of 18 U.S.C. 111(a). C.W. resigned from MPD in January 2023, and based on information and belief, he then joined the Peace Corps in February 2023 and has since left for assignment in the country of Guinea. At present, the United States does not expect C.W. to appear as a witness for the government at trial; indeed, the government understands that the duration of a typical Peace Corps deployment is two or more years. Accordingly, although the defendant's motion proposes no date to which the trial might be continued, the defendant's motion functionally seeks a two-year continuance into 2025. The defendant's motion should be denied for several reasons.

1

First, C.W.'s unavailability for trial does not implicate the defendant's Sixth Amendment rights, as he asserts. The defendant's Sixth Amendment right to confront witnesses that testify against him does not apply to potential witnesses that do not testify against him. The defendant's concerns about whether evidence of C.W. "testifying" through another witness, *see* Mot., Doc. 48 at 10, are appropriately addressed through a hearsay objection and the potential exclusion of that testimony, not an indefinite trial continuance. *See, e.g., United States v. Hsia*, 87 F. Supp. 2d 10, 13 (D.D.C. 2000) (providing standard for admitting grand jury testimony of declarant not subject to cross examination).

Second, to the extent the defendant is asserting that the testimony of C.W. would be exculpatory to the defendant, he fails to explain how the testimony could be expected to be exculpatory, let alone how a trial continuance would be justified on this basis. When considering a defendant's motion to continue trial premised on the unavailability of a witness necessary for the defense, the D.C. Circuit has stated that trial courts should consider "(1) the defendant's diligence in attempting to secure the evidence before trial; (2) the length of the requested continuance and the associated burden on the government; and (3) the likelihood the evidence will be favorable and relevant to the defense." *United States v. Ashton*, 555 F.3d 1015, 1019–20 (D.C. Cir. 2009) (citing *United States v. Haldeman*, 559 F.2d 31, 83 (D.C. Cir. 1976). The defendant makes no attempt to satisfy any of these considerations.

Third, to the extent the defendant claims that the government cannot prove charges against him without the testimony of C.W., the defendant can raise this argument at trial with the jury and through a Rule 29 motion. The defendant's focus on the investigation of the case and C.W.'s interview as part of the complaint-drafting process can hardly be considered relevant for the purposes of trial. The jury will be asked to consider the evidence before it, without regard to unintroduced evidence, charging documents, or the FBI's investigative file.

It is unremarkable that a case proceeds to trial without every possible witness available to testify. The defendant's continuance motion rests on reasoning that would produce absurd results in all kinds of assault and sexual assault cases, where victims routinely become unavailable over the course of litigation. If every perpetrator of assault were permitted to indefinitely postpone their trial until a witness or victim is available to testify, the government would be senselessly hobbled in its ability to seek justice under the law. This is not trial by ambush, but a mundane issue of a potential witness who has changed careers.

## Conclusion

The Court should deny the defendant's motion to continue trial in this matter for the reasons stated above.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Hutton Marshall*
J. HUTTON MARSHALL
KATHERINE E. BOYLES
Assistant U.S. Attorneys
DC Bar No. 1721890
D. Conn. Fed. Bar No. PHV20325
601 D Street, N.W.
Washington, D.C. 20579
(202) 809-2166
Joseph.hutton.marshall@usdoj.gov
Katherine.boyles@usdoj.gov