IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : <br> : <br> :   No. 22-cr-100-RBW <br> : |
| v. | : <br> : |
| JACOB L. ZERKLE, | : <br> : |
| *Defendant*. | : <br> : |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO CONTINUE TRIAL FOR UNAVAILABLE COMPLAINING WITNESS

It is now abundantly clear that only when the defense sought confirmation that the Government's complaining witnesses would be testifying at trial (given the Government's unusual attempt to present its entire case through its case agent in a two-day trial), did the Government *finally* provide notice to the defense that its chief complaining witness Carlton Wilhoit was unavailable for trial. This fact comes on the heels of the Government's prior representation to the Court in writing (and the defense's reliance on the same to its detriment) that the Government *would be* calling the complaining witnesses that underlie Counts One through Three of the Indictment. To be clear, Mr. Wilhoit is the chief complaining witness, was the first person who allegedly contacted Mr. Zerkle, formed the factual basis that led to Mr. Zerkle's arrest, and is the sole factual basis underlying Count of the Indictment. Mr. Wilhoit is an essential witness to the defense in refuting the Government's claims in this case.

As to his unavailability, the Government's Opposition now confirms that Mr. Wilhoit left the employ of MPD *five* months ago in *February 2023*, is presently out of the country, and without any factual basis or apparent contact with Mr. Wilhoit, the Government speculates that he may not return for two years (which is yet again news to the defense).

In response to these facts, the Government tells the Court that Mr. Zerkle need not worry, rather, he can simply file a motion for judgment of acquittal as an appropriate remedy if the Government has not proven its case as to Count One of the Indictment. The Government refuses to dismiss Count One, which pertains to Mr. Wilhoit and provides no explanation as to how it will establish proof beyond a reasonable doubt as to that claim absent its case agent's narration of video based on his interview of Mr. Wilhoit and his notes taken from that interview.

The Government brushes aside as having no significance the fact that its case agent's basis for charging Mr. Zerkle arises from the factual summary contained in the Complaint, which relies extensively on statements by Mr. Wilhoit in attempting to explain his corresponding body worn camera video. The Government simply misses the point. The charges in this case derive from Mr. Wilhoit's initial contact with Mr. Zerkle. The investigation by the case agent was based on Mr. Wilhoit's statements of what Mr. Wilhoit observed, encountered, and believed, and not the case agent, who was not even present in Washington, DC on January 6, 2021, and lacks personal knowledge of the events at issue in this case. No MPD officer brought any claim against Mr. Zerkle, filed any police report against him, or sought to arrest him on January 6, 2021.

Finally, the Government engages in hysterics to claim that permitting a continuance in this case would "senselessly hobble[]" the Government's "ability to seek justice under the law." Opp'n at 3 (D.E. 49). Not so. In fact, the usual remedy for unavailable witnesses is the dismissal of charges and/or the preclusion of evidence and testimony, especially, as here, when untimely notice has been provided as to a witness' unavailability. Here, Mr. Zerkle is seeking a continuance for the Government to obtain some clarity as to when their chief complaining witness is returning to the jurisdiction and in the alternative, provide sufficient time for Mr. Zerkle and the Court to ensure that impermissible evidence and testimony of an unavailable witness is not improperly presented

to the jury by the Government in either argument or through testimony, which would gravely prejudice Mr. Zerkle's ability to obtain a fair trial in this case.

      For all these reasons, Mr. Zerkle requests his motion to continue trial be granted.

Dated:  July 6, 2023

Respectfully submitted,

   /s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
Silverman, Thompson, Slutkin & White LLC
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile:  (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

*Counsel for Defendant Jacob Zerkle*