UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 22-CR-100 (RBW) |
| : | |
| JACOB L. ZERKLE, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S STATUS REPORT REGARDING
POTENTIAL TRIAL STIPULATIONS

The United States, through the United States Attorney for the District of Columbia, respectfully submits the following status report, as ordered by the Court at the July 24 pretrial conference in this matter, regarding the parties' negotiations pertaining to a stipulation proposed by Defendant Jacob Zerkle.

For background, the government previously sent six proposed stipulations to defense counsel on June 20, 2023. *See* Exhibit 1 (Government's stipulations proposed June 20, 2023). The defendant declined to discuss the government's stipulations until the government identified the third-party videos produced during discovery that would be presented at trial. On July 23, 2023, the defendant provided the government with a 1.5-page proposed stipulation that attempts to cover the Congressional proceedings of that day, protests scheduled to occur in the area that day, the breach of the Capitol building, the consequences of the riot on Capitol grounds, Mayor Muriel Bowser's Jan. 6 curfew order, the defendant's travel to the Capitol, and the defendant's appearance that day. *See* Exhibit 2 (Defendant's stipulation proposed July 23, 2023).

Although the defendant's stipulation incorporates portions of three stipulations proposed by the government in this case on June 20 and in other January 6-related cases, the proposal is an impracticable starting point for negotiations because of its attempt to cover several broad topics in

1

limited detail. Specifically, the defense stipulation's lack of factual detail limits its utility as a means of shortening the government's presentation of evidence, and it risks leaving the jury with only a partial, confused understanding of the events. For example, the defense stipulation includes a portion of the government's stipulation regarding the U.S. Capitol building and grounds, but it omits any reference to the restricted perimeter around the building established by U.S. Secret Service and U.S. Capitol Police. As a result, the government's presentation of evidence regarding the U.S. Capitol grounds as they appeared on Jan. 6, 2021—which must include details of the restricted perimeter relevant to the 18 U.S.C. § 1752 charges against the defendant—would be unaffected by the stipulation, which also includes no details of signage, fencing, barricades, or any other indication that the defendant was not permitted to enter and remain within the restricted perimeter that day.

More fundamentally, the government also rejected the defendant's stipulation because it gives short shrift to key events the government believes should be presented to the jury at trial, as the government is entitled to do. *Old Chief v. United States*, 519 U.S. 172, 189 (1997) ("[T]he accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense."). For example, the defense stipulation's single sentence on the breach of the U.S. Capitol building hardly conveys law enforcement's heroic defense of the Capitol grounds and building, thwarted in no small part by the defendant and others who assaulted officers they called "traitors" as the officers attempted to defend the Capitol.

Accordingly, on July 25, 2023, the government informed defense counsel that it could not accept the defendant's proposed stipulation and suggested that the parties instead attempt to reach a compromise on some or all of the six stipulations on individual topics that were previously provided by government counsel in this matter to counsel for the defendant on June 20, 2023. The government will continue to engage defense counsel on reasonable stipulations that allow the Court and parties to accomplish trial expeditiously.

                         Respectfully submitted,

                         MATTHEW M. GRAVES
                         United States Attorney
                         D.C. Bar No. 481052

By:   */s/ Hutton Marshall*
        J. HUTTON MARSHALL
        KATHERINE E. BOYLES
        Assistant U.S. Attorneys
        DC Bar No. 1721890
        D. Conn. Fed. Bar No. PHV20325
        601 D Street, N.W.
        Washington, D.C. 20579
        (202) 809-2166
        Joseph.hutton.marshall@usdoj.gov
        Katherine.boyles@usdoj.gov