## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :      No. 22-cr-100-RBW |
| | : |
| v. | : |
| | : |
| JACOB L. ZERKLE, | : |
| | : |
| *Defendant*. | : |
| | : |

## DEFENDANT'S PRETRIAL MEMORANDUM

In accordance with the disputed matters raised at the Pretrial Conference on July 24, 2023, the arguments contained in Defendant's pending Motion *in Limine* to Exclude Evidence Relating to the Capitol Breach and Other Related Topics (D.E. 28), and the Court's Order dated July 25, 2023 requesting supplemental briefing (D.E. 55), Defendant Jacob L. Zerkle, through undersigned counsel, submits this pretrial memorandum to address several unresolved pretrial matters.

**I.      DISPUTED JURY INSTRUCTIONS.**

**A.      "Attempt" Instruction on Charge of Civil Disorder.**

While raised in Court correspondence with the parties, the Court did not address at the Pretrial Conference the parties' conflicting positions on how the jury should be instructed on the word "attempt" as used in the charged offense of civil disorder (Count Four of the Indictment). The Government proposed a detailed standalone instruction titled *Attempt-Civil Disorder. See* Proposed Jury Instructions at 14 (D.E. 39-1). Mr. Zerkle objects to this standalone instruction as not based on any pattern jury instruction or existing precedent. An *attempt* civil disorder is already encompassed within the statute at issue and is not a separate charge. *See id.* at 11 (emphasis added) ("Count Four of the Indictment charges the defendant, Jacob Zerkle, with committing or *attempting to commit . . .*"). Consistent with the practice in this jurisdiction, the only possible

additional instruction relevant to Count Four is the definition of "attempt," which is already defined in the Criminal Jury Instructions for the District of Columbia (the "Redbook"), as instruction 7.101, which the Government has already agreed in the parties' joint submission to be an appropriate instruction to provide to the jury in this case. *Id.* at 2. The Defendant strongly opposes the Government's language in its proposed standalone Attempt-Civil Disorder instruction, with no citation to authority that: "The defendant took a substantial step toward committing obstructing officers during a civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime." *Id.* at 14. The well-established Redbook instruction on "attempt" easily satisfies any concern that the parties may have as to the jury's understanding of the word "attempt" and is consistent with the presumption that courts should not deviate from pattern jury instructions unless clearly warranted.

**B.      Counts One Through Three – Resisting Law Enforcement Officers.**

The parties agree that the only difference between their respective jury instructions on Counts One through Three of the Indictment, is the definition of "forcibly." Mr. Zerkle's proposed instruction is based on the express language contained in the Ninth Circuit's Pattern Criminal Jury Instruction for an offense brought pursuant to 18 U.S.C. § 111, as charged in Counts One through Three of the Indictment, and Mr. Zerkle requests that the Court instruct the jury consistent with that pattern jury instruction:

> There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

*See* Ninth Circuit Manual of Model Criminal Jury Instructions, No. 8.1, Assault on Federal Officer or Employee (18 U.S.C. § 111(a)), https://www.ce9.uscourts.gov/jury-instructions/node/919, last visited July 28, 2023.

### C.    "Disorderly Conduct" – Count Six of the Indictment.

The parties disagree on the definition of "disorderly conduct" as used in Count Six of the

Indictment. As stated at the Pretrial Conference, the Defendant requests that the language

contained within the instruction given by the district court in *United States v. Riley June Williams*,

21-cr-618-ABJ, also be given in this case:

> Disorderly conduct occurs when a person is unreasonably loud and disruptive under
> the circumstances or interferes with another person. It may include loud,
> threatening, or abusive language, disruptive conduct, or acting in a manner as to
> cause another individual to be in reasonable fear that some harm to their person or
> property is likely. It is behavior that tends to ***disturb the public peace, offend public
> morals, or undermine public safety***. Disruptive conduct is a disturbance that
> interrupts the normal business or orderly conduct of an event, public activity, or
> gathering.

*Id.* at Final Jury Instructions at 38 (D.E. 122) (emphasis added). The description of behavior that

"tends to disturb the public peace, offend public morals, or undermine public safety" — which is

omitted from the Government's definition in this case (*see* Proposed Instructions at 17-18 (D.E.

39-1) — is from *Black's Law Dictionary* and was actually cited by the Government on what would

be an appropriate instruction in *United States v. Christopher Ray Grider*, No. 21-cr-22-CKK (Gov.

Proposed Instructions at 15 (D.E. 127)). Mr. Zerkle requests that the above-referenced language

be part of the jury instruction in this case.

The Government's request that disorderly conduct be defined as "interfere[nce] with

another person by jostling against or unnecessarily crowding that person" improperly criminalizes

First Amendment protected speech, especially in this case, where numerous permits were granted

for protests on Capitol Grounds on January 6, 2021. It is not clear from undersigned counsel's

reading of the Government's proposed instruction that the language of jostling is in addition to the

threatening conduct in the beginning of the definition. If counsel cannot easily reach that

conclusion, it is likely that the jury cannot as well. A straightforward reading of the clause makes

it appear that it is one of many grounds on which disorderly conduct could be established. Unfortunately for the Government, its additional water downed language is inconsistent: (i) with its own prior proposed instructions in January 6 related prosecutions; (ii) with actual instructions given by judges in other January 6 proceedings; and (iii) with precedent that scrutinizes criminalizing conduct that could potentially constitute First Amendment protected speech. *See* Department of Justice ("DOJ") Manual, 1547 ("First Amendment objections may be raised as to the validity of 18 U.S.C. § 1752(a)(2) which outlaws the intentional disruption of government business at designated residences and offices. Section 1752(a)(2) is not aimed at suppression of peaceful and orderly protests and does not apply where there is no disturbance of others and no disruption of government activities."), https://www.justice.gov/archives/jm/criminal-resource-manual-1547-constitutionality-18-usc-1752, last visited July 28, 2023.

**D.**     **Self-Defense Related Instructions.**

With more than three weeks from opening statements, it is premature to determine whether Mr. Zerkle is justified in seeking either a self-defense or defense of third-party instruction at the close of the evidence. But, as Mr. Zerkle indicated at the Pretrial Conference, he intends to ask the Court to give such instructions, as both are permissible under the Redbook and relevant federal pattern jury instructions.

**1.**     **Defense of a Third Person Instruction.**

Redbook Instruction 9.510 (Defense of A Third Person) provides:

Every person has the right to use a reasonable amount of force in defense of another person if (1) s/he actually believes that the other person is in imminent danger of bodily harm and if (2) s/he has reasonable grounds for that belief. The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether [name of defendant], under the circumstances as they appeared to him/her at the time of the incident, actually believed that the person s/he was seeking to defend was in imminent danger of bodily harm, and could reasonably hold that belief. Defense of another person may be a defense to

the charge(s) of [insert all charges to which defense applies].

In this case, the defense of a third-party rests upon the perception of Mr. Zerkle at the time of the incident, regardless of whether his actions were necessary. *Id.* Here, Mr. Zerkle has every right to take the stand in his defense and explain his actions and mindset on January 6, 2021, and it is completely inappropriate for the Government to preclude a defense of third-party instruction more than three-weeks prior to trial. In fact, the comments to the Redbook Instruction contemplate such an instruction in circumstances like this case. *See* Redbook Instruction 9.510, comments, citing "*Jones v. United States*, 555 A.2d 1024, 1027-28 (D.C. 1989) (finding defendant entitled to defense of third person instruction in assault on police officer prosecution where some evidence supported defendant's perception that force was necessary to protect a stranger who appeared to be victim of street robbery)."[1] Even as it pertains to the federal charge at issue, 18 U.S.C § 111, federal pattern jury instructions contemplate instructions for defense of third persons. *See* Eighth Circuit Pattern Jury Instruction, No. 9.04 (Defense of Third Person), https://juryinstructions.ca8.uscourts.gov/instructions/criminal/Criminal-Jury-Instructions.pdf, last visited July 28, 2023; Fifth Circuit Pattern Jury Instruction, No. 1.39 (Defense of Third Person), https://www.lb5.uscourts.gov/juryinstructions/fifth/crim2019.pdf, last visited July 28, 2023.

The Government has identified certain third-party video that it intends to admit into evidence at trial. One of those videos is Government Exhibit 415. As shown below, Mr. Zerkle is initially a distance away from the individuals engaged with the MPD officers as he did not instigate

---

[1] In applying the Redbook instructions, the D.C. Court of Appeals noted that a defendant is entitled to a jury instruction "that negates his guilt of the crime charged if the instruction is supported by any evidence, however weak." *Jones,* 555 A.2d at 1027 (citation and punctuation omitted). *See also Hernandez v. United States*, 853 A.2d 202 (D.C. 2004) (holding failure to give self-defense instruction where some evidence supported it, however weak, was reversible error); *Guillard v. United States*, 596 A.2d 60, 62 (D.C. 1991) ("Trial court should give self-defense instruction if there is any evidentiary basis in record to support it.").

any contact with them, which was completely consistent with his general actions on January 6, 2021. *See* Gov. Ex. 415 at 6:22.[2]



In a separate video from a different angle (Gov't Ex. 414 at 4:28), no one is proceeding up the stairs to breach the Capitol at this moment, and people standing at an elevated position above the officers are simply recording events on their cellphone. Mr. Zerkle also appears to be moving through the crowd to get to his brother:



---

[2] All references to time in third-party video pertain to the run time of the video as reflected in the screenshots of the video contained in this pretrial memorandum.

Seconds later, at 4:35 (Ex. 414), Mr. Zerkle's brother appears to be located right in front of armed riot officers (facing away from them), while Mr. Zerkle is bent over in the opposite direction of the officers and is about to be pushed in the back and away from the officers:



Two seconds later, at 4:37 (Ex. 414), Mr. Zerkle's brother again appears right in front of the officers, and in between the officers and protestors, while Mr. Zerkle is further bent over and flopping in the opposite direction from the officers after just having been pushed in the back:



This video, Ex. 414, is confirmed by BWC video showing Mr. Zerkle hunched over and then pushed and heading in the opposite direction of the officers. Notably, the universal time in this BWC is 2:00:09 p.m., minutes before any breach of police lines or the breach of the Capitol occurred:





Yet another second later, at 4:38 (Ex. 414), Mr. Zerkle's brother again appears right in front of officers, and in between the officers and the protestors, while Mr. Zerkle is now directing his focus towards his brother:



Approximately thirty seconds later at 5:06 (Ex. 414), absolutely no one is heading up the staircase attempting to breach the United States Capitol and the individuals above the officers are recording the event. This undermines any claim that Mr. Zerkle's actions caused the breach.



To the extent there is any concern about the defense's interpretation of the video above, yet another third-party video that the Government seeks to introduce into evidence at trial, from another vantage point, Government Exhibit 413 (at 4 seconds), shows Mr. Zerkle entering the path where his feeble older brother was located after other individuals, not Mr. Zerkle, made initial contact with law enforcement:



*See* Ex. 413 (at 9 seconds):



*See* Ex. 413 (at 9 seconds):



Consistent with the video above (Gov. Ex. 413), BWC video shows Mr. Zerkle's brother

caught in between riot police with metal ASP batons and other protestors.[3]



---

[3] The Defendant's pretrial motions included BWC screenshots of Mr. Zerkle's brother caught between the police and protestors and Mr. Zerkle's actions to get to his location. *See*, *e.g.*, D.E. 28 at 9; D.E. 29 at 9.

The Government's numerous trial exhibits reflect that after Mr. Zerkle's brief encounter with MPD officers, law enforcement continued to maintain a line and the Capitol had not yet been breached, notwithstanding, the Government's representations at the Pretrial Conference that Mr. Zerkle's encounter had a causal relationship to the Capitol breach (even though Mr. Zerkle *did not* participate in the breach and actually headed in the opposite direction from the Capitol. *See* Ex. 413 (at 52 seconds) (reflecting the police line still in place after video of Mr. Zerkle).



*See* Gov. Ex. 414 (at 5:56) (reflecting the police line still in place after video of Mr. Zerkle).



2.     **Traditional Self-Defense Instruction.**

Redbook Instruction 4.114, governing assaults on law enforcement, provides that: "If the officer uses more force than appears reasonably necessary, the person stopped may defend against the excessive force, using only the amount of force that appears reasonably necessary for his/her protection." Ninth Circuit Pattern Jury Instruction 8.3, identifies defenses to "Assault on Federal Officer or Employees," and the comments to that instruction note that the pattern instruction should be modified if "the model instruction would be inappropriate in a case where a defendant's theory of the case is self-defense against the use of *excessive* force by a federal law enforcement officer." *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992) (emphasis in original). In such a case, the instruction must be modified appropriately. *See* Ninth Circuit Manual of Model Criminal Jury Instructions, No. 8.3, Assault on Federal Officer or Employee-Defenses, https://www.ce9.uscourts.gov/jury-instructions/node/921, last visited July 28, 2023.

E.     **Instruction as to Other January 6, 2021 Protestors.**

Considering the Government's request to present evidence relating to the Capitol breach and the obstruction of the certification of the electoral count, of which Mr. Zerkle did not participate in nor was he charged with any such conduct, Mr. Zerkle requests an instruction to the jury that they may not consider the evidence of other individuals' actions and/or words on January 6, 2021 as evidence supporting Mr. Zerkle's guilt in this case. The defense proposes the following jury instruction:

> During the course of this trial, you observed photographs and videos and heard testimony from witnesses depicting and describing the events that occurred on January 6, 2021 at the United States Capitol. To the extent that evidence depicts actions and statements by individuals other that Mr. Zerkle, you may not rely upon such information as evidence of Mr. Zerkle's guilt as to the charges in this case. Mr. Zerkle is not charged with aiding and abetting or conspiring with any individual at the United States Capitol on January 6, 2021. In our country and judicial system, individuals are not guilty because of the actions of others or their association with others; their guilt is determined solely by their own individual actions.

To ensure that Mr. Zerkle receives a fair trial in this case, the defense requests that the Court give this instruction to the jury before it begins its deliberations.

## II. DEFENDANT'S PENDING MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF THE CAPITOL BREACH AND RELATED CONDUCT.

Notwithstanding that Mr. Zerkle's extremely limited contact with law enforcement outside the U.S. Capitol did not lead to the breach of the Capitol, divert resources to protect against the breach of the Capitol, or motivated the breach of the Capitol, the Government plans to try this case as if Mr. Zerkle had breached the Capitol and had obstructed, or attempted to obstruct, the certification of the results of the election, neither of which he participated in.

As shown in the BWC screenshots above, Mr. Zerkle's brief encounter occurred at 2:00 p.m. on January 6, 2021. The Capitol was not breached until 2:12 p.m. The Government's proposed timelapse from that day, trial exhibit 204, shows the exact moment of Mr. Zerkle's encounter with MPD at 2:00 p.m., which reflects the police line in front of the Capitol still in place:



Notwithstanding that Mr. Zerkle never entered the U.S. Capitol, the Government plans to introduce a Capitol Police video montage as Government Exhibit 1, which shows the destruction of the U.S. Capitol and actions of individuals inside the U.S. Capitol. This exhibit is highly prejudicial, especially since Mr. Zerkle's actions did not facilitate or lead to the breach of the

Capitol as shown above. The following screenshots are just a sample of the images that the Government wants to put in front of the jury when they consider evidence relating to the charges pertaining to Mr. Zerkle (from Gov. Trial Ex. 1):







In advance of trial, Mr. Zerkle agreed to the enclosed two-page stipulation attached hereto as Exhibit 1. It acknowledges as fact the certification of the results of the election, the delay that resulted from the breach of the Capitol, and attests that: "During the course of the breach of the United States Capitol, approximately 2000 protestors entered the United States Capitol, and in total, caused approximately $2.7 million dollars in property damage. Certain protestors who entered the United States Capitol stole and defaced property inside and committed assaults on law

enforcement officers while inside the United States Capitol. Members of Congress and their staff were required to shelter-in-place during the breach of the Capitol." *See* Ex. 1 at 1-2.

The Government refuses to agree to the stipulation because it would purportedly "confuse" the jury. The Government's argument to support its presentation of highly prejudicial evidence is without merit and accordingly, to ensure a fair trial in this case, the Court must exclude it. While 2,000 individuals went into the U.S. Capitol on January 6, 2021 when the building was breached, Mr. Zerkle went the opposite direction and headed home.



For all these reasons, Mr. Zerkle requests that the Government be prohibited from introducing video and narration of events from inside the U.S. Capitol in this case and from being permitted to refer to Mr. Zerkle as either a rioter or insurrectionist.

Dated: July 28, 2023                    Respectfully submitted,

                                        SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

                                        ___/s/ Christopher Macchiaroli_____
                                        Christopher Macchiaroli (D.C. Bar No. 491825)
                                        1750 K Street, NW, Suite 810
                                        Washington, D.C. 20006
                                        Telephone: (202) 539-2444
                                        Facsimile: (410) 547-2432
                                        Email: cmacchiaroli@silvermanthompson.com

                                        Emma J. Mulford (Bar No. MD0146)
                                        400 East Pratt Street, Suite 900
                                        Baltimore, Maryland 21202
                                        Telephone: (410) 385-6249
                                        Facsimile:  (410) 547-2432
                                        Email: emulford@silvermanthompson.com

                                        *Counsel for Defendant Jacob Zerkle*