IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : : : : | No. 22-cr-100-RBW |
| v. | : : |  |
| JACOB L. ZERKLE, | : : |  |
| *Defendant*. | : : |  |

**DEFENDANT'S RESPONSE TO THE
GOVERNMENT'S STATUS REPORT REGARDING STIPULATIONS**

This Court gave the Government a simple instruction: review the defense's proposed stipulation and explain why it was insufficient to address the defense's concerns that the Government was seeking to present evidence relating to the breach of the U.S. Capitol and the obstruction of the certification of the election, when Mr. Zerkle engaged in neither and was charged with neither. *See* July 25, 2023 Order at 1 (D.E. 55).

In its Status Report (D.E. 56), the Government highlights all of its proposed standard stipulations for Capitol breach cases and provides several unpersuasive explanations that do not alter the clear fact, which has been known to the defense for months, that the Government simply does not want to forgo any opportunity to introduce to the jury highly inflammatory evidence that does not relate to the specific charges facing Mr. Zerkle. Based on its public statements, the Government does not see Mr. Zerkle as different from those who actually went inside the U.S. Capitol on January 6. That is a problem. Mr. Zerkle never went into the U.S. Capitol, never wanted to go into the U.S. Capitol, and never attempted to go into the U.S. Capitol, and the Government does not allege otherwise. Mr. Zerkle is not charged with aiding and abetting or conspiring with any individual at the U.S. Capitol on January 6, 2021. Mr. Zerkle was not involved in planning or

leading any of the activities that the crowd engaged in on January 6, 2021, nor was he associated with any of the groups reported to be responsible for aspects of what occurred that day. To the extent the Government wants to classify everyone present near the Capitol on January 6, 2021 as a "rioter" or "insurrectionist," that is completely inconsistent with the multiple permits granted by the Capitol Police for "First Amendment" protests *on* Capitol grounds. In our country and judicial system, individuals are not guilty because of the actions of others or their association with others; their guilt is determined solely by their own individual actions.

The Defendant's proposed stipulation (D.E. 57-1) is all-inclusive, albeit succinct, and is what this Court would expect in a stipulation that is submitted to the jury. The Defendant's stipulation discusses the legal authority for the certification proceeding and how it was delayed, how members of Congress were evacuated after having to shelter-in-place, and the specific actions undertaken by protestors, including that "approximately 2000 protestors entered the U.S. Capitol, and in total, caused approximately $2.7 million dollars in property damage" and "[c]ertain protestors who entered the U.S. Capitol stole and defaced property inside and committed assaults on law enforcement officers." *Id.* at 2. The stipulation confirms that a curfew was enacted because of the Capitol breach and provides a photograph of Mr. Zerkle from January 6, 2021, which identifies the clothing he wore that day, which is also depicted in the video that the Government intends to play before the jury. What else could the Government possibly want? Oh yes, the Government wants the defense to agree to all of its stipulations, while at the same time reserving its right to present all of the evidence discussed above anyway. Even then, the Government would not agree to limit in any manner its efforts to treat Mr. Zerkle like the 2,000 people who entered the Capitol, many of whom were not charged with felony civil disorder. Stated differently, even if the defense agreed to every one of the Government's prepackaged stipulations from other January

6 breach cases, the Government would still persist on presenting video of the breach, the mayhem inside the Capitol, relevant portions of the certification hearing, the Secret Service's movement of the Vice President, and officers' confrontations with protestors, all of which is completely irrelevant and unfairly prejudicial to Mr. Zerkle in light of the charges that *he* is facing.

This Court was also correct to brush aside the Government's suggestion at a prior conference that the Court allow the Government to present its case unhindered and, if necessary, simply instruct the jury after the fact to disregard any evidence that was erroneously admitted. The risk for unfair prejudice is extremely high in this case and any moment could produce grounds for a mistrial. The Government's evidence must be appropriately tailored to the charges in this case.

It makes no reasonable sense why the Government would refuse to agree to a stipulation that provides all of the relevant factual background, absent the 29-second encounter *outside the Capitol*, during which the Government claims Mr. Zerkle voluntarily, intentionally, and forcibly resisted three separate officers while intending to commit civil disorder. The defense's stipulation narrows the issues in dispute, minimizes the need for unnecessary witness testimony, and spares limited judicial resources. But, in this case, the Government does not want such efficiency or judicial economy, rather, it wants to show montages of video from January 6 and officers being assaulted, and excerpts of the Congressional hearings that do not show Mr. Zerkle. This is not how trials proceed in this jurisdiction.

Contrary to the Government's irrational claim, the Defendant's stipulation *does not* "risk[] leaving the jury with only a *partial, confused understanding* of the events." *See* Gov't Status Report at 2 (D.E. 56) (emphasis added). Rather, it focuses the jury on the issues relevant to the specific charges while avoiding unfair prejudice and the potential for critical appellate review. As noted, Mr. Zerkle is not charged with conspiracy, aiding or abetting, or any action relating to

anything that occurred inside the U.S. Capitol and, therefore, the Government's evidence should be appropriately limited to avoid an unfairly prejudicial trial in a venue where not a single defendant connected to the events of January 6 has avoided criminal liability after a jury trial. As the gatekeeper, this Court is not only empowered with the ability to take action to exclude evidence of limited relevance, where the risk of unfair prejudice is substantial, but it is in fact required to do so. The Government also claims that the defense's stipulation is insufficient because it "hardly conveys law enforcement's heroic defense of the Capitol grounds and building." *See id.* That is not an element of any charge facing Mr. Zerkle, and law enforcement's heroic defense of the Capitol does not make the allegations of Mr. Zerkle's conduct more or less likely to have occurred. Instead, the proffered evidence is designed only to encourage the jury to convict Mr. Zerkle for being present near the Capitol, even though he never entered or sought to enter the building.

While the Government can respond to this Court's Order by claiming that the defense has not signed any of its stipulations, and that its stipulations include more information, that does not change the analysis of whether the defense's stipulation eliminates any need to present evidence of the obstructed certification proceeding and the breach of the Capitol, which it clearly does. Moreover, the Government already understands that the defense will not agree to all of its proposed stipulations. The defense is not stipulating to the authenticity and admissibility of body worn camera video of officers that the Government has no intention of calling as witnesses at trial, especially when the Court has already ordered that the Government may not have its Arizona-based case agent narrate video for the jury. At present, the Government seeks to move in nearly four hours of video from ten separate officers, all of which is beyond any relevance to the limited 29-second encounter involving Mr. Zerkle. The defense also is not stipulating to elements regarding "restricted grounds" or third-party video that includes circles around individuals

completely unconnected to Mr. Zerkle, placed by civilians seeking to increase the number of prosecutions of individuals present at the Capitol on January 6, 2021 from the more than 1,000 already charged. Nor is the defense stipulating to the authenticity and admissibility of montage videos of segments specifically chosen by the Government to portray the events of January 6 in a manner most likely to inflame the members of the jury (most of whom are already more than familiar with those events).

What the Government insists it must present to the jury — and which it wrongly claims that the defense's stipulation does not adequately address — does not even pertain to the brief 29-second encounter that Mr. Zerkle had with officers outside the U.S. Capitol prior to heading in the opposite direction from the 2,000 people who breached the building. Accordingly, the Government should not be permitted to present such evidence under the auspices that the jury would be "confused" without it. The Government is only inviting prejudice and the absence of a fair trial in this case.

Dated: August 2, 2023

Respectfully submitted,

SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

　　/s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile: (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

Emma J. Mulford (Bar No. MD0146)
400 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 385-6249
Facsimile:  (410) 547-2432
Email: emulford@silvermanthompson.com

*Counsel for Defendant Jacob Zerkle*