IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : <br> : <br> :    No. 22-cr-100-RBW <br> : |
| v. | : <br> : |
| JACOB L. ZERKLE, | : <br> : |
| *Defendant*. | : <br> : |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
AIDING AND ABETTING THEORY OF CRIMINAL LIABILITY**

Defendant Jacob L. Zerkle, through his undersigned counsel, and pursuant to Federal Rule of Evidence 602, files the present motion seeking to exclude from trial the Government's new theory that Mr. Zerkle aided and abetted the resistance of law enforcement officers, which was not described in the Statement of Facts in support of the Complaint against Mr. Zerkle, alleged in the Indictment, contained anywhere in the parties' proposed jury instructions, or discussed at the Pretrial Conference, and which constitutes "unfair surprise" to Mr. Zerkle. *See United States v. Grider*, No. 21-022 (CKK), --- F. Supp. 3d ---- , 2022 WL 17829149, at *13 (D.D.C. Dec. 21, 2022).

**FACTUAL BACKGROUND**

Jacob Zerkle, a farmer from Arizona, traveled to Washington, D.C. and was present in the city on January 6, 2021. Mr. Zerkle spent the entire day walking up and down the National Mall. He went to Arlington National Ceremony and the Lincoln Memorial, passed the Washington Monument, and traveled to the area surrounding the United States Capitol twice. He took photographs, talked to other individuals visiting the city, and participated in a protest that was occurring that day.

That afternoon, the protest outside the United States Capitol became violent, and ultimately resulted in individuals breaking windows and doors to enter the Capitol building. To be clear, Mr. Zerkle *never* went into the United States Capitol, *never* wanted to go into the United States Capitol, and *never* attempted to go into the United States Capitol, and the Government does not allege otherwise. Mr. Zerkle was not arrested nor detained by anyone on January 6, 2021 for his actions. He did not have a weapon of any kind. He did not steal or deface any property. Mr. Zerkle has no history of violent or assaultive conduct and his criminal history consists of a traffic offense and littering charge (from 20 years ago).

Yet, after attending multiple consent meetings with agents and law enforcement officers in Arizona, participating in a debrief with prosecutors remotely in Washington, D.C., providing written consent to allow law enforcement to access certain social media accounts, voluntarily disclosing photographs, and offering to provide the clothing that he wore on January 6, Mr. Zerkle still finds himself charged with multiple felony offenses for allegedly assaulting officers.

Specifically, the Government claims that, during an approximate 29-second period of time, Mr. Zerkle resisted being pushed out of the way and hit with a baton by fully armed riot police from the Civil Disturbance Unit ("CDU") of the Metropolitan Police Department ("MPD"), who were admittedly pushing people back and yelling, "Move." As will be established at trial, not a single officer was harmed in any way or suffered any injury as a result of any action undertaken by Mr. Zerkle. Not a single officer alleged to have been injured by Mr. Zerkle.  Not a single officer filed a report that they were assaulted by Mr. Zerkle. Not a single officer filed a use of force report for that day regarding conduct relating to Mr. Zerkle. Not a single officer attempted to make further contact with Mr. Zerkle after he was pushed away. And, not a single officer sought to arrest Mr. Zerkle on scene or to open an investigation into his conduct. Following the 29-second period of

time at issue in this case, Mr. Zerkle left the area surrounding the United States Capitol and went home, while hundreds of others present that day went the opposite direction and entered the Capitol building.

## ARGUMENT

On August 2, 2023, with just over two weeks left before trial, the Government notified Mr. Zerkle for the first time in its Response to *his* Pretrial Memorandum that it was intending to proceed on a theory of aiding and abetting assault and obstruction of law enforcement officers. *See* Gov't Response at 14-20 (D.E. 59). In fact, months after the parties' proposed jury instructions were filed and after the parties held their Pretrial Conference, the Government submitted proposed jury instructions to the Court for its new theory of criminal liability for aiding and abetting on Counts I through IV of the Indictment. *Id.*

Prior to two weeks ago, the Government had not alleged that Mr. Zerkle aided and abetted the resistance of law enforcement officers. This was not described in the Statement of Facts in support of the Complaint against Mr. Zerkle, alleged in the Indictment, or contained anywhere in the parties' proposed jury instructions. As it is clear from the video that Mr. Zerkle was not the person who initiated physical contact with the officers (as consistently asserted by Mr. Zerkle in prior filings and unaddressed by the Government for months), Mr. Zerkle had absolutely no notice that the Government was going to argue that he aided others in making physical contact with officers, thereby elevating misdemeanor conduct under the federal statute to felony conduct. Nor did Mr. Zerkle have notice that the Government would argue that he aided and abetted others who had the intent to commit another felony.

Now, days before trial, it is unclear whom (in a crowd of thousands on January 6, 2021) Mr. Zerkle specifically aided and how. It is also unclear what the Government plans to allege is

substantive conduct as opposed to conduct aiding and abetting others, or when such conduct occurred. Having spent the last two years focused on preparing a defense against the Government's allegations as to *his* conduct, Mr. Zerkle now is being forced to defend the conduct of other protestors whom, absent his older and feeble brother, he did not know, aid in any manner, or intend to aid in any manner. The Government should be prohibited from changing theories of criminal liability at this eleventh hour.

"Although the United States Court of Appeals for the District of Columbia Circuit has not addressed this issue, most federal Courts of Appeals hold that a factfinder may rely on an aiding-and-abetting theory so long as the factfinder's reliance on such a theory does not result in an ***unfair surprise to the defendant***." *Grider*, 2022 WL 17829149, at *13 (emphasis added) (citing *United States v. Galiffa*, 734 F.2d 306, 312 (7th Cir. 1984) (collecting cases)). While the Government is correct that the failure to plead aiding and abetting in the Indictment is not fatal, additional case law further confirms that criminal defendants should not be subjected to unfair surprise on this issue. *See*, *e.g.*, *United States v. Loscalzo*, 18 F.3d 374, 383 (7th Cir. 1994); *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992). Alleging aiding and abetting in the Indictment, which the Government has done in many cases, but chose not to do so in this case, would have gone a "long way toward preventing any allegation of unfair surprise." DOJ Criminal Resources Manual, § 2477 (January 2020), https://www.justice.gov/archives/jm/criminal-resource-manual-2477-charging-aiding-and-abetting, last visited August 16, 2023. This is why the United States Department of Justice ("DOJ") considers it "better practice whenever the basis for the charge of aiding and abetting is anticipated" "to have the indictment framed in the alternative, or at least have a reference to § 2 noted in the charging instrument." *Id.*

The Government's eleventh-hour change in legal theory was a complete surprise to Mr. Zerkle. It was not alleged in the Statement of Facts in support of the Complaint, in the Indictment, in the parties' proposed jury instructions, or discussed at the Pretrial Conference. Rather, it was only raised in response to Mr. Zerkle's *own* Pretrial Memorandum and purportedly, according to the Government, because the Government noticed something new in the video it had for nearly two years and had already designated as trial exhibits. Mr. Zerkle should not have to defend himself from a sneak attack on the eve of trial.[1]

## CONCLUSION

For all these reasons, Mr. Zerkle requests that his motion *in limine* be granted.

Dated: August 16, 2023

Respectfully submitted,

SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

      /s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile: (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

Emma J. Mulford (Bar No. MD0146)
400 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 385-6249
Facsimile:  (410) 547-2432
Email: emulford@silvermanthompson.com

*Counsel for Defendant Jacob Zerkle*

---

[1] Prior to filing the present motion, undersigned counsel notified the Government at a meet and confer conference on August 9, 2023 that Mr. Zerkle would be filing a motion seeking to preclude this newly disclosed theory of criminal liability.