## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | No. 22-cr-100-RBW |
| | : | |
| v. | : | |
| | : | |
| JACOB L. ZERKLE, | : | |
| | : | |
| *Defendant*. | : | |

### DEFENDANT'S MOTION *IN LIMINE* TO
### ADMIT PERMITS ISSUED BY THE UNITED STATES CAPITOL
### POLICE FOR PROTESTS ON CAPITOL GROUNDS ON JANUARY 6, 2021

Defendant Jacob L. Zerkle, through his undersigned counsel, and pursuant to Federal Rule of Evidence 602, files the present motion seeking to admit into evidence at trial permits approved by the United States Capitol Police (and incorporated permit applications) for protests on Capitol Grounds on January 6, 2021, and a map of designated protest locations, which are official Government documents produced by the Government in this case pursuant to Rule 16 of the Federal Rules of Criminal Procedure. The Government's sole legal objection to their admissibility is "relevance," and that objection lacks any merit.

### FACTUAL BACKGROUND

Jacob Zerkle, a farmer from Arizona, traveled to Washington, D.C. and was present in the city on January 6, 2021. Mr. Zerkle spent the entire day walking up and down the National Mall. He went to Arlington National Ceremony and the Lincoln Memorial, passed the Washington Monument, and traveled to the area surrounding the United States Capitol twice. He took photographs, talked to other individuals visiting the city, and participated in a protest that was occurring that day.

That afternoon, the protest outside the United States Capitol became violent, and ultimately resulted in individuals breaking windows and doors to enter the Capitol building. To be clear, Mr. Zerkle *never* went into the United States Capitol, *never* wanted to go into the United States Capitol, and *never* attempted to go into the United States Capitol, and the Government does not allege otherwise. Mr. Zerkle was not arrested nor detained by anyone on January 6, 2021 for his actions. He did not have a weapon of any kind. He did not steal or deface any property. Mr. Zerkle has no history of violent or assaultive conduct and his criminal history consists of a traffic offense and littering charge (from 20 years ago).

Yet, after attending multiple consent meetings with agents and law enforcement officers in Arizona, participating in a debrief with prosecutors remotely in Washington, D.C., providing written consent to allow law enforcement to access certain social media accounts, voluntarily disclosing photographs, and offering to provide the clothing that he wore on January 6, Mr. Zerkle still finds himself charged with multiple felony offenses for allegedly assaulting officers.

Specifically, the Government claims that, during an approximate 29-second period of time, Mr. Zerkle resisted being pushed out of the way and hit with a baton by fully armed riot police from the Civil Disturbance Unit ("CDU") of the Metropolitan Police Department ("MPD"), who were admittedly pushing people back and yelling, "Move." As will be established at trial, not a single officer was harmed in any way or suffered any injury as a result of any action undertaken by Mr. Zerkle. Not a single officer alleged to have been injured by Mr. Zerkle.  Not a single officer filed a report that they were assaulted by Mr. Zerkle. Not a single officer filed a use of force report for that day regarding conduct relating to Mr. Zerkle. Not a single officer attempted to make further contact with Mr. Zerkle after he was pushed away. And, not a single officer sought to arrest Mr. Zerkle on scene or to open an investigation into his conduct. Following the 29-second period of

time at issue in this case, Mr. Zerkle left the area surrounding the United States Capitol and went home, while hundreds of others present that day went the opposite direction and entered the Capitol building.

**ARGUMENT**

"Relevant" evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In general, relevant evidence is admissible. Fed. R. Evid. 402. Under Federal Rule of Evidence 403, relevant evidence may be excluded only if its "probative value is substantially outweighed by the danger of . . . unfair prejudice" or similar considerations. Fed. R. Evid. 403. Rule 403 "does not bar powerful, or even prejudicial evidence," but instead "focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweighs[s] the evidence's probative value." *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 177 (D.D.C. 2015) (citations omitted) (emphasis and brackets in original), *aff'd*, 902 F.3d 285 (D.C. Cir. 2018).

In discovery, the Government produced copies of various permits granted for protests on January 6, 2021 and a map of authorized protest activity on United States Capitol Grounds. Mr. Zerkle reproduced a series of these documents to the Government in anticipation of using them as trial exhibits. A copy of one of the anticipated defense trial exhibits is attached hereto as Exhibit 1. A copy of the map of authorized protests on United States Capitol Grounds, as produced in discovery, is attached hereto as Exhibit 2. Through correspondence, the Government has expressed that its sole legal objection to the admissibility of the permits (and incorporated applications) and the map is "relevance." Mr. Zerkle has proffered exactly why the documents are relevant, but the Government refuses to advise whether it will continue to press its baseless objection to

admissibility of documents that are official Government records that *it produced* to Mr. Zerkle in discovery under the limited criminal discovery rules.[1]

To meet the incredibly low standard of relevance, Mr. Zerkle notes that these permits and permit applications identify that the United States Capitol Police not only expected protests on Capitol Grounds, but sanctioned them at designated locations, which were extremely close to the areas where the Government will claim that protests were prohibited. Moreover, countering any argument by the Government that Mr. Zerkle's intent to go to the Capitol was to overthrow an election, stop the certification, or engage in civil disorder, the fact that the Capitol Police expected and permitted protests on Capitol Grounds confirms, buttresses, and corroborates Mr. Zerkle's continuous claim that he came to the U.S. Capitol to lawfully protest. Because the defense's proffered exhibits have the "tendency to make the existence of [several] fact[s] that [are] of consequence to the determination of the action more probable or less probable," they are relevant and, therefore, admissible. *See* Fed. R. Evid. 401, 402.

Although the Government has voiced an objection to the proffered exhibits only on the basis of relevance, any challenge under Rule 403 would also lack merit. Indeed, allowing the Government to move into evidence a map detailing the restricted area, without allowing Mr. Zerkle to introduce a map of permitted protests in exceedingly close proximity, all within the Capitol Grounds (a place held to be a location for First Amendment activity), would be highly (and

---

[1] On July 20, 2023, undersigned counsel informed the Government in writing in response to its "relevance" objection that: "[t]he permits and supporting documents reflect that the United States Capitol Police not only expected protestors on January 6, 2021, but granted permits for lawful protests to occur on Capitol Grounds. They knew the specific stated reason for the protests and considered the activity to be First Amendment protected speech." In refusing to stipulate to the admissibility of official Government documents, produced by the Government in this case pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Government counsel wrote to undersigned counsel on July 27, 2023, and claimed that they still did not understand the relevance of the permits.

unfairly) prejudicial and risk misleading the jury. In particular, rather than give the false impression to the jury that the Capitol Grounds were closed to visitors, the proffered exhibits clarify that the Capitol Police expected protestors to be on Capitol Grounds on January 6, 2021. And, while the Government intends to show photographs of individuals approaching the Capitol and surrounding the Capitol area (some outside the prohibited area), the proffered exhibits demonstrate that public participation was consistent with what Capitol Police expected and what they characterized as protected "First Amendment" speech.

Meeting the extremely low standard of relevance, the only objection raised by the Government to the documents' admissibility, this Court should permit Mr. Zerkle to introduce the documents in his defense to the felony criminal charges presented by the Government in this case.[2]

**CONCLUSION**

For all these reasons, Mr. Zerkle requests that his motion *in limine* be granted.

Dated: August 16, 2023                      Respectfully submitted,

                                            **SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

                                            ___/s/ Christopher Macchiaroli___
                                            Christopher Macchiaroli (D.C. Bar No. 491825)
                                            1750 K Street, NW, Suite 810
                                            Washington, D.C. 20006
                                            Telephone: (202) 539-2444
                                            Facsimile: (410) 547-2432
                                            Email: cmacchiaroli@silvermanthompson.com

                                            Emma J. Mulford (Bar No. MD0146)
                                            400 East Pratt Street, Suite 900
                                            Baltimore, Maryland 21202
                                            Telephone: (410) 385-6249
                                            Facsimile:  (410) 547-2432
                                            Email: emulford@silvermanthompson.com

---

[2] Prior to filing the present motion, undersigned counsel notified the Government at a meet and confer conference, on August 9, 2023, that Mr. Zerkle would be filing a motion seeking to admit the requested evidence.