UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 22-cr-100 (RBW) |
| | : | |
| **JACOB L. ZERKLE** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS IN *LIMINE*__**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following response to the defendant's Motions in Limine, Docs. 60 and 61, and the Court's Order, Doc. 63.

1. Defendant's Motion in Limine to Exclude Aiding and Abetting Theory, Doc. 60

On August 2nd, following the defendant's request for a "defense of others" instruction, the United States has requested an aiding and abetting jury instruction for Counts 1-4 of the Indictment. *See* Doc. 59. The defendant opposes such an instruction, arguing that it constitutes "unfair surprise." *See* Doc. 60.

As the government has already highlighted for the Court, *see* Doc. 59, it is black letter law that the operative charging document need not specifically mention aiding and abetting liability under 18 U.S.C. § 2 for a jury to be instructed on this theory of liability.

> An individual may be indicted as a principal for commission of a substantive crime and convicted by proof showing him to be an aider or abettor. The indictment need not specifically charge a violation of 18 U.S.C. § 2. An aiding and abetting instruction may be given in a case where the indictment does not allege violation of the aiding and abetting statute. An aider and abettor of a crime may be tried and convicted even though the principal is not tried, convicted or identified.

*United States v. Kegler*, 724 F.2d 190, 201 (D.C. Cir. 1983) (extensive citations omitted).

The defendant's only objection to the government's requested instruction is that the request, made two-and-a-half weeks before jury selection, constitutes "unfair surprise" to the defendant. The defendant cites three cases in support of this argument, but the defendant mischaracterizes these decisions, which instead demonstrate that instructing a jury on aiding-and-abetting liability in this case would be entirely proper.

To start, the defendant principally relies on *United States v. Grider*, No. 21-cr-022 (CKK), --- F. Supp. 3d ---- , 2022 WL 17829149, at *13 (D.D.C. Dec. 21, 2022). There, the defendant claimed unfair surprise when the government argued an aiding-and-abetting theory in closing argument on a count in which the indictment had not alleged § 2. *Id.* Judge Kollar-Kotelly rejected the claim of unfair surprise, given that the government had discussed proceeding on an aiding and abetting theory in its trial brief filed on December 5, 2022 for a trial commencing on December 13, 2022 (among other reasons). *See id.*; *see also* 21-cr-22, Doc. 136 (Govt. Tr. Br.) and 12/13/2022 Minute Entry (noting start of trial).

The defendant next relies on *United States v. Loscalzo*, 18 F.3d 374, 383 (7th Cir. 1994). This case is not helpful for the Court's consideration of whether there is unfair surprise here. There, the Seventh Circuit noted that while an aiding-and-abetting theory should not result in unfair surprise, the defendant had *not* raised the issue in that case, so the court did not reach the issue. *Id.* More recently, the Seventh Circuit has explicitly questioned whether a defendant can *ever* be "unfairly" surprised by an aiding and abetting theory:

> We question whether it is ever possible for a defendant to be unfairly surprised by an aiding and abetting instruction. Neither Powell nor we have found any published cases finding such unfair surprise. (The one case Powell cites on the issue is entirely off point.) Aiding and abetting is not a separate crime but a fundamental principle of criminal liability, and *every competent member of the defense bar should be aware of it*.

*United States v. Powell*, 652 F.3d 702, 708 n.4 (7th Cir. 2011) (emphasis added).

2

Finally, in *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992), the Fifth Circuit found no unfair surprise and reiterated that there is no requirement to include § 2 in the indictment, observing that, "[a]iding and abetting is not a separate offense, but it is an alternative charge in every indictment, whether explicit or implicit."

The defendant was made aware of the government's intent to seek an aiding and abetting instruction two and a half weeks before the start of jury selection. The defendant has cited no case law suggesting that this amount of time constitutes unfair surprise; in fact, the defendant has cited a case indicating that *one* week's notice is not unfair surprise. The government maintains that an aiding-and-abetting instruction may be appropriate in this case as to Counts 1 through 4, depending, of course, on the evidence introduced at trial.

2. <u>Defendant's Motion in Limine to Admit Permits Issued by the United States Capitol Police, Doc. 61</u>

The defendant also moves in limine to admit certain exhibits related to U.S. Capitol Police permits. The government has no objection to the defendant introducing these exhibits through an appropriate witness at trial provided the proper foundation is laid.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:   */s/ Katherine E. Boyles*
    KATHERINE E. BOYLES
    J. HUTTON MARSHALL
    Assistant U.S. Attorneys
    D. Conn. Fed. Bar No. PHV20325
    DC Bar No. 1721890
    601 D Street, N.W.
    Washington, D.C. 20579
    (203) 931-5088
    Katherine.boyles@usdoj.gov
    Joseph.hutton.marshall@usdoj.gov