IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 22-cr-100-RBW |
| v. : | |
| JACOB L. ZERKLE, : | |
| *Defendant*. : | |

### DEFENDANT'S MOTION TO CONTINUE TRIAL

Defendant Jacob L. Zerkle, through his undersigned counsel, respectfully moves for the continuance of the trial currently scheduled to commence on August 22, 2023, and states as follows:

1. During the lengthy telephonic hearing on Friday, August 18, 2023, the parties discussed the defense's intention to call Samuel Zerkle as a witness at trial. Later that evening, near midnight (11:34 p.m.), the Government sent undersigned counsel an email that contained a summary of all video in the Government's possession pertaining to Samuel Zerkle, which also captured Defendant Jacob Zerkle, as he was present with his brother throughout the day on January 6, 2021.

2. The Government conceded in its correspondence that five videos from third-party sources capturing Defendant Jacob Zerkle had not been previously produced to the defense and thus constituted "new" discovery. While the videos show events relating to the incident at issue in this case, the Government claims it will not use this new video footage in its case-in-chief, but apparently, could potentially use it on cross-examination of defense witnesses. Based on an initial review, portions of the video are useful to the defense, and would have aided the defense in

preparing for trial. Also contained within the Government's discovery production were FBI-302 interview summaries of certain Government witnesses from *May 2022*, that were not previously produced either.

3. Upon receiving this discovery production, undersigned counsel immediately asked the Government whether it opposes a continuance, to which Government counsel responded that it does.

4. Undersigned counsel then began to examine an electronic production made by the Government 72 hours earlier (on August 15 at 10:00 p.m.) that was described as "Jencks." A closer look revealed that the production includes ***161 individual files***. While several files are traditional *Jencks* material, such as a 130-page transcript of a witness's prior testimony in another case, the voluminous production also includes, among other documents: FBI 302s of interviews of witnesses conducted in January 2022; injury reports of officers (which the defense requested in 2022 and which prior Government counsel indicated that she was not aware of); opinions of the Government's case agent on the ability of officer-witnesses to recollect; characterizations of the Government's case agent on what constitutes the assault in this case; and FBI-302 summaries of video evidence. This specific material is not *Jencks*, but Rule 16 discovery.

5. Without delving into an unnecessary and prolonged evaluation of when the prosecution team (FBI or U.S. Attorney's Office) obtained this information and why it was not disclosed earlier, Mr. Zerkle simply asks for more time to review the extensive materials provided by the Government this week. Undersigned counsel cannot meaningfully review all of the Government's new discovery, review it with Mr. Zerkle, and then potentially review it with defense witnesses to adequately be prepared for trial.

6. Accordingly, while Mr. Zerkle believes a hearing on the Government's exhibits on August 21, 2023 remains appropriate, he respectfully submits that a continuance of the trial in this matter is also warranted.[1]

Dated: August 20, 2023

Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

　/s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile: (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

Emma J. Mulford (Bar No. MD0146)
400 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 385-6249
Facsimile: (410) 547-2432
Email: emulford@silvermanthompson.com

*Counsel for Defendant Jacob Zerkle*

---

[1] A continuance of the trial in this case would not only negate any prejudice from the untimely disclosures under Rule 16, but would reduce the prejudice from the Government's just disclosed aiding and abetting theory of criminal liability that was not alleged in the Indictment or in the parties' proposed jury instructions submitted to the Court.